IRELAND AND ANOTHER *against* KIP.

THIS was an action of *assumpsit* brought by the plaintiffs against the defendant as endorser of a promissory note made by Samuel Kip in favour of the defendant, and by him endorsed to the plaintiffs, and was tried in the city of New-York, on the first day of December, 1813. (See S. C. vol. 10. p. 490.)

The plaintiffs offered to prove that on the day after the day on which the note became due, a notice in the ordinary form, of the non-payment of the note by the maker, was put into the post-office in the city of New-York, directed to the defendant. That the defendant at that time resided at Kip's Bay, about three and a half miles from the city-hall of the city of New-York. That the defendant had given directions to the letter carriers of the post-office to leave all letters that came to the post-office for him at a house in Frankfort-street in the city of New-York; that the said letter carriers called at the post-office three or four times every day, and took out and delivered all letters left there; that the defendant usually called or sent every day for his letters at the house in Frankfort-street. Upon this evidence the plaintiffs insisted that the jury had a right to presume that the notice in question had been duly received by the defendant. The plaintiffs further offered to prove that the maker of the note had failed before the note became due, and that he had conveyed his property in trust to secure and indemnify the defendant against the endorsement of the note in question, and that the trust fund was amply sufficient to indemnify him. The chief justice overruled the whole of the evidence offered by the plaintiffs, and directed a nonsuit to be entered.

*Baldwin*, for the plaintiffs. He cited *Taylor v. Bryden*, (8 Johns. Rep. 177.) 1 Camp. N. P. Rep. 248. 2 Hen. Bl. 509. 6 East, 14. and notes.

*S. Jones*, jun. contra, cited 1 Johns. Rep. 121, 122. *Bayley*

Where the parties to a bill or note reside in the same city or place, notice of dishonour of the bill or note must be personal, or tantamount thereto, or by leaving it, if the party is absent, at his dwelling-house or place of business.

Where the endorser of a note resided at Kip'sBay,three and a halfmiles from the post-office, in the city of New York, and gave directions to the letter carriers, who call every day at the post-office to take out letters, to leave all letters receivedbythem, for him, at a housein Frankfort street, and at which house the endorser himself called or sent every day for his letters, and a letter containing a notice from the holder of the note to the endorser of its non-payment, was put into the post office, directed to the defendant, on the next day after the note became due; this was held not to be sufficient evidence of notice.

If the party to be affected by a notice resides in a different city or place from the holder, the notice may be sent through the post-office to the post-office nearest to the party entitled to such notice.

NEWYORK, August, 1814.

IRELAND
v.
KIP.

*on Bills*, 76. *Chitty on Bills*, 173. *Doug.* 497. 1 *Term Rep.* 168.

SPENCER, J. delivered the opinion of the court. This case comes before the court under a new aspect. Admitting that a service of notice of the non-payment of the note by the maker, at the house in *Frankfort-street*, would have been good and equivalent to a service at the defendant's dwelling or compting-house, still we are of opinion that the delivery of such notice at the post-office, unaccompanied with proof that it was actually delivered at the house, is not notice.

In the case of *Scott and others* v. *Lifford*, (1 *Camp.* 249.) the court of king's bench held that when the parties resided in *London*, or in the near neighbourhood of it, the party sending a notice may avail himself of the convenience of the *two-penny post*, and was not obliged to despatch a special messenger. Decisions in other countries on such points are entitled to little consideration. The great extent and population of *London* and its neighbourhood might well admit of a rule as to notices like the one in the case cited, whilst here such a rule would be inapplicable and improper.

The invariable rule with us is, that when the parties reside in the same city or place, notice of the dishonour of bills or notes must be personal, or something tantamount, such as leaving it at the dwelling-house or place of business of the party, if absent. If the party to be served by a notice resides in a different place or city, then the notice may be sent through the post-office to the post-office nearest the party entitled to notice.

It would be extremely embarrassing to suffer the rule to fluctuate, by making exceptions which would lead to uncertainty. It is of the utmost importance in mercantile transactions to have a certain and stable rule in relation to notices. As it does not appear in this case that the notice was left at the defendant's place of business in *Frankfort-street*, and it appeared that he resided i　　　　ty, the nonsuit was correct, and the motion to set it aside　　　　d with costs.

Motion denied.