General M. D. Hardin
presented the •following petition for a re-hearing:
Farmers and Mechanics' Bank of Logan vs. Butler.
The court are respectfully asked to re-examine the decision rendered in this case.
The defendant, residing within four miles of Russell-ville, a post town, endorsed a note payable in the bank in that place; and the note being protested, notice was, in due time, left in the post-oificc, addressed to him. It was proved, he usually'sent to this post-office three times a week, for letters, during this period'.
The court, by the decision rendered, have held this notice insufficient; and that notice should have been sent by a 'special messenger.
It is conceived that the court have in this, instance required of the holder of a mercantile paper, what has not been required by any previous de'cision.
It is admitted, that where the parties reside in the same town or city, the general rule is. that a special messenger is to be sent, be the town or city large or small; and the exception to that rule is, that if there be. a penny-post in fact established, who delivers letters at the endorser’s place of abode, notice sent by the penny-post is sufficient. The case of Ireland vs. Kip, in 10 John. 490, and 11 John. 231, referred to in Chitty on Bills 288, in a note, decided this, and no more. And there would be the same reason for leaving a letter in the post-office of a town where no penny-post was established, as in that case, where the penny-post went to part of the city only, but not to the part where the endorser lived.
The rule is equally well settled, that if the endorser lives in or near to any other post town, a letter put into the post-office, and properly addressed, is sufficient, whether it come to hand or not.
And if there be any adjudged case, which has said that notice to an endorser who lives beyond the limits of the town or city in which the bill is payable, must be given by special messenger, it has escaped the reading of the plaintiffs’ counsel. The cases of Hancroft vs. Hall, 1 Holt C.N. p. 476, and Pearson vs. Crallan, 2 Smith’s Rep, 404, referred to in Chitty 286 and 288, in notes, *495 only prove that the holder may, not that he must send a special messenger.
Indeed, Chitty, p. 287, is understood as laying down the rule, “ that where there is no post, it is sufficient to send the notice by the ordinary mode of conveyance, though notice by a.special messenger would arrive earlier.” And the case of Mailman vs. D'Eguino, 2 Hen. Bla. 565, there referred to, shows that in resorting to these ordinary modes of conveyance, (that is, of sending a letter,) the first regular opportunity is sufficient, not the earliest probable conveyance.
If these authorities be not misunderstood, a special messenger is not necessary; but other modes of conveyance are sufficient, if other modes of conveyance may be resorted to, the question then is, was the one used as good and as certain as any other ordinary mode? It is respectfully contended, that it was “ the first regular” conveyance, and the most certain of any that pre* sented itself. . >
Indeed, it is contended, that when a man living in the cotatry, will put his name on mercantile paper, he. should be presumed regularly to send to his most convenient post-office; and that a notice to such an one, left in that post-office, should, in the absence of all proof of his habit of sending theré, be sufficient. But here the proof that the defendant did usually send there three times a week, by a messenger, to receive his letters, coupled with the law requiring the postmaster safely to keep such letters, and to deliver them when called or sent for, constitutes this a regular and certain mode of conveyance. No other probable one is shown. If a special messenger be not requisite, the mode used must have been resorted to, or the bank must have kept a look out for the first man passing by the defendant’s house, and entrusted Mm with the notice. But between this latter method of giving notice, and the one pursued, it is presumed no man will hesitate to give the preference to the notice through the post-office.
To this reasoning, let it be borne in mind, thatnoticc, &c. in relation to bills of exchange, is introduced into the common law by the custom of merchants; and as new modes of doing business arise, customs suited to these new modes, are adopted, or used, 'or practised, by merchants. j^ud the courts of justice properly pay great *496 respect to the common usage amongst merchants, oh such questions; It is at least equal to the cotempora-neons exposition of a statute; and in perusing successive decisions on this branch of law, such usages have made the law merchant, not only different in different .countries, but different in the same country, as the habits of doing business vary. For example, the notice of the distenor of a bill, is, in this country, usually given by the notary public, instead of by the holder, as was anciently required, and is probably yet required in some countries. In relation to the matter in question, it is confidently believed, that.the practice of all mercantile men, and of all .banks in this country, has been uniform, to give notice in such ease through the post-office; and a few terms past, the circuit court of the United States for this district, in a suit of the Bank of the United States vs. Tompkins, held such a notice sufficient.
M. D. HARDIN, forpPffs.
. This uniform practice, in the absence of any authority against it, is relied upon as entitled to prevail in’a case, to say the least of it, not free from doubt.
A re-hearing of the case is respectfully requested.
Blit, on the 21st of June 1823,’ the petition was overruled.