Mr íustipe Washington
 

 delivered the opinion of the Court.
 

 . This was an action of assumpsit, brought in the circuit cpurt of Ohio bv the president,-directors, and company of the Bank of the United States, against J. Embree the maker, arid D. Embree and M; T. Williams, the indorsers of two several promissory nótes. The only count in the declaration is for money lenfcand advanced by the plaintiffs to the defendants.
 

 Upon'the plea of the general issue, the case, at the trial, was, by consent of the parties, submitted to the court; and the above.notes were given in evidence by the plaintiffs, in support of the action. The court gave judgment against the defendants, and ordered it to-be certified, in pursuance of the statrite of Ohio, that it .appeared to the satisfaction of
 
 ñfe
 
 court, that'J. Embree had signed the notes on which the suit Was brought as principal, and D. Embree and M. T. Williams as sureties. .
 

 -At the trial of the cause thus submitted, to the couit, the plaintiffs having proved the demand, and the hand writing of theirfdorsers of the notes, offered thefollowing evidence of the notice todhe defendant Williams, viz.,“ that the notary public, after the-protest of the notes, and tne expiration of the usual days of grace, called at the .house of the. defendant Williams, who resided -in- the city of Cincinnati, which he found shut up, and the door locked, and on inquiry of the nearest resident, he Was informed that the said Williams' and family had left town on a visit, whether for a day, week, or month, he did not know, nor did he inquire. He made use of no further diligence to ascertain where Mr Williams had gone, or whether he had. left any person in town to attend to his business. . The witness left a notice at the house pf a person adjoining, .with a request to hand it to the defendant when he should return.”
 

 The court being of opinion that this evidence was conclusive of legdl notice to Charge Williams, his counsel took a
 
 *101
 
 bill of exceptions, and .the cause is now for judgment before this Court upon a writ of error.
 

 The only question which this bill of exception presents is, whether due diligence was used by the defendants in error, to give notice to the,indorser of the nonrpayment of these notes by the maker of them
 
 1
 

 The general rule of law applicable to the subject has long been settled.; that, to enable the holder of a bill of exchange, or promissory note to charge the indorser, ft is incumbent on him to prove that timely notice of the dishonour of the bill, or of the non-payment of the note was given to the in-dorser, or if this could not be done, he must excuse the omission by showing that due diligence had been used to-give such notice.-
 

 If the parties reside in the same city or town, the indorser must be personally noticed of the dishonor of the bill or note-, either verbally or in writing; or a written notice must be left at his dwelling house or place of business.. Either modte is sufficient, but one or the other must be observed unless it is prevented by the act of the party entitled to the notice.
 

 In the case now under cohsideration, the banking-house of the defendants in error, and the dwelling house of the plaintiff were located in the same city. : The notary called at'the plaintiff’s house, which he found shut up, and the door locked. . Upon inquiry of the nearest resident, he was informed that the defendant with his family had left town on a visit, but for how long a period was unknown to. this person; ho further attempt was made to ascertain where the plaintiff in • error was- gone, or whether he had left any person in town to attend to his business'; The question to be decided is, whether under these circumstances the defendants, are excused for not having given the notice which the law requires ?
 

 In the case of Qoldsmith
 
 and fliánd,.Bayley on
 
 Bills, 224,
 
 noté,
 
 it was decided that it was sufficient to send a verbal notice to the defendant’s counting house, and if no person be there in the ordinary hours of business to receive it, it is not necessary to leave or-send-a written, one. The princi-
 
 *102
 
 pie of this decision is, that the counting house of the defendant is the place in which the holder was entitled, during the regular hours of business, to look for the person for . whom the notice was intended, or for some person authorised . vby him to receive it; and that the omission to give it, was occasioned, not. by the want of due diligence in the holder, but by the fault of the party who claimed a right to receive it.
 

 The principle here stated is riot peculiar, to this class of contracts. If a party to a contract who is entitled to the . benefit of a condition, upon the performance of which his responsibility is to arise, dispense with, or by any arit of his own prevent the performance, the opposite party is excused from proving a strict compliance with tne condition.
 

 Thus, if the precedent act is to be performed' at a certain time or place, and a strict performance of it is prevented by the absence of the party who has a right to claim it; the law will not permit him to set. up the non-performance of the condition as a bar to the responsibility which his part of the contract had imposed upca him.
 

 The application of this general principle of law to the subject before us, may be illustrated by other cases than the orie immediately under consideration. The holder of a bill . or promissory nóte, in. order to entitle himself to calbupon the drawer or indorser, must give notice of its dishonour to to the party whom he means to charge. But if, when the notice should be given, the party entitled to .it be-absent from the state, and has left no known agent to receive it; if he abscond, or .ha,s no place ot residence which reasonable diligence used by the holder can enable him to discover; the . law dispenses with the necessity of giving regular notice.
 

 So where tne parties, as in this case, residfe in the same, city or town, the notice should be given at the dwelling house or place of business, of the party entitled to claim it; and the duty of the holder does not require of him to give, the notice at any other place. If the giving of the notice at either of these places be prevented by the act of the party entitled to receive it, the performance of the condition is excused.
 

 In this case, the notary called at the dwelling house of
 
 *103
 
 the indorser, at the regular time, and at a seasonable hour, for aught that appears, to serve the notice, and found the house shut up, the doors locked, and the family absent from town upon a visit of unknown duration to the agent of the bank, or to his informer. What was he to do “? He was not bound to call a second time, nor was he under any obligation to leave a written notice; even if he could have found an entrance into the house.
 

 But it is insisted that the defendants in error were, bound under the circumstances of this case, to give notice to the. plaintiff through the channel of the post office; and the case of Ogden vs. Cowley, 2
 
 Johns. Rep.
 
 274, is relied upon in support of this’ position.
 

 In that case, the notary called at the houses of the indorser, and of his deceased partner, for the purpose of giving them notice of the non-payment of the note, but found their house locked up, and on inquiring at the next door, was told that they were gone out of town. On the same day, the notary put a letter into the post office in the city of New York, addressed to the defendant and his partner, informing them of the non-payment of the note, and that they were looked to for payment. It appeared that at that time the yellow fever prevailed in the city. The court decided that all proper steps were taken to communicate the requisite notice to the indorser, and that the notice was, of course, sufficient.
 

 It may be remarked upon this case, that the absence of the indorsers from their houses was probably the consequence of a.
 
 temporary removal
 
 from the city, on account of the prevailing sickness, and that the case does not inform us whether the place to which they had removed was known to the notary. We are not prepared to say, that in such a case, the parties entitled to notice were bound to be at their dwelling houses; or to have any person there at the time the no-. tary called to receive notice, and consequently that their absence, and the closing of their houses ought to have excused the holder from taking other steps to communicate notice to them. But laying these circumstances out of the case, the court decided no more than that the steps taken to give notice, were sufficient in point of law for that pur
 
 *104
 
 pose; and it is not to be doubted “but that they were so. They do not decide that, iii a case freed from, the circumstances before noticed, it wás necessary, thát-nótice to-the indorsers should have been given through the post office.
 

 In the case of Crosse
 
 vs.
 
 Smith, 1
 
 Maule
 
 &
 
 Selw.
 
 545. the cashier called at the counting-house of the drawer, for fhe purpose of giving him notice ofthe dishonour of the bill. He found the outward door open, but the inner- locked; The cashier knocked, and' made noise enough to have been heard, if any body had been within After-waiting a few minutes, and no person appearing,, tie left the house, and took no further. legal step to give .the notice. - It'was insisted, in opposition to the sufficiency of thé notice, that a- notice in writing, left at the counting-house, or
 
 pul intoHhe post office
 
 was necessary. ,The answer given by the court was, that the law-did not require either mode ,to be pursued. “ Putting a letter' in the post,” says lord Ellénborough, “ is only One mode of giving notice; hut' where both parties are residing in the same post town, sending a clerk is a more regular and less exceptionable mqde.” The decision in this casé, as to the sufficiency of the notice, was th§ same as that given in the casé-cf Goldsmith us. Bland, before referred to.
 

 The cage of Ireland
 
 vs.
 
 Kip, 10
 
 Johns. Rep.
 
 490. and 11
 
 Johns.
 
 231, was much pressed upon the Court in the argur mént of the. present cause, by. the counsel for the plaintiff in error. We have examined that case with great attention and respect, but have not béen able to view* it in thé same light as it seemed to have struck the learned counsel* The place of residence of the defendant, the indorser, was three . and a half miles fróm the post office, within thé limits of the city óf New York, but without the compact part ofthe city, ánd without the district of any letter'carrier. The case does not state that the indorser had'any counting-house, cf place of business in the city, at which the notice could haye been left. The only notice given to the defendant was á written One,. put into the post offitíe in the city of New York, directed to the defendant, and stating that the note had "not been -paid. The place ofthe defendant’s residence was knqwn to'the clerk of the notary, who put the written notice to the defen
 
 *105
 
 dant into the post office. The only question decided by the pourt was, that under the circumstances of that case, the holder of the note was bound to give personal notice to the defendant, or to see that the notice reached his dwelling house; and that merely putting the notice into the post office was not. sufficient.
 

 Upon a second trial of the cause,' it appeared, in evidence, that the defendant had given directions to, the letter carriers of the post office, to leave all letters that came to the post office for him, at,a house in Frankfort street, in the city of New York; that the letter carriers called at the. post office three or four times every day, and took out and delivered all letters left there; and that the defendant usually called or sent every day for his letters to the house in Frankfort street.
 

 The learned judge who delivered the opinion of the court stated; that, admitting a service of the notice, at the house in Frankfort street would have been good and equivalent to a service at the defendant’s dwelling or counting-house; still, the delivery of the notice at the post office, unaccompanied with proof that it was actually délivered at the house, was not notice. He adds, that/' the invariable rule With ús is, that when the parties reside in the same city or, place, notice of the dishonour of bills or notes must ,be personal, or. something tantamount: 'such as leaving it . at the dwelling house or placé of business of the party, if absent.” Now it is apparent, that the question which arises in the case under consideration, was not, and could not be decided in the case just referred tó. The objection to the notice in. the latter case was; that it ought to have been given at the dwelling house of th^' defendant, and could not be given through the post office, unless it' also appeared that the notice so given reached the dwelling house, or the house in Frankfort street... No attempt was made to give the notice in theformer mode, as was done.in this case; and the latier mode, so far from being considered as tantamount to the former, or as being necessary in order to excuse the want of personal notice, is declared throughout tó be insufficient without further proof.
 

 
 *106
 
 The opinion of this Court is, that the defendants in error Were, under the circumstances of. this cáse, excused from taking any other steps than they did, to give notice to the plaintiff of the non-payment of. these notes; and that the judgment of the court below ought to be affirmed with costs.
 

 [The counsel for the plaintiff in error stated another point, which he- admitted had been settled by .this Court, in the case of Fullerton et al. vs. the Bank of the United States, 1
 
 Peters,
 
 612; but requested permission to re-argue the point, in case the Court should decidé the first point, against him. J am directed by the Court to say, that the case referred to was well considered by the Court; that we are entirely satisfied with the decision made in it, and see no cause to call for a re-argument of the principle there decided.]
 

 This cause came on to be heard on the transcript of the record from the circuit court of the United. States for the. district of Ohio, and was argued by counsel; in consideration wheredf, it is ordered and adjudged by this Court, that the judgment of the said circuit-court in this cause be, and the same is hereby affirmed with costs.