OPINION OF THE COURT — by the
How; J. R. NICHOLSON.
This is an action of assumpsit brought against Brown as endorser of a promissory note for ‡1000. The plea is non assumpsit and payment. There are too points raised by the bill of exceptions for the consideration of the court.
1st. The defendant’s counsel called on the court to charge the jury, that if they believe from the testimony, that at the time of the supposed dishonor of the note by the maker, the endorser, this defendant, resided in the vicinage of Woodville, and nearer to the post office of Woodville than any other post office; and if they believe from the testimony that said defendant had no other notice of the dishonor of said note, but a written notice di *530 tected to him at Woodville, and deposited in the post office, at Woodville,, that said notice was not sufficient to charge said endorser: which instruction the court refused to give; but charge the jury, that if they believed defendant’s residence at the time of the dishonor of said note was nearer to the post office at Woodville than to any other, but that his residence was mot in Woodville, that then a notice of the dishonor of said note, addressed to him at Woodville, and deposited in the post office at Woodville, would be properly given, and sufficient to charge him as endorser. Where the endorser resides in the same town with the maker, the notice of non-payment mustbe personal; 10 John.490;2 Peters, 101; 11 John., 231. The same doctrine is laid down in 20 John., 283, 4; although no good and 'substantial reason can be given why an endorser residing without the limits of the town or city should not be entitled to as strict' notice as one residing within the limits of the town; yet, for the sake of con*enience, a line must be drawn, beyond which, a notice by mail, if sent with din^Qce is sufficient: depositing a letter, then, in the, nearest post office to the re«_ deuce of the endorser, when he resides out of town, is making use of due diligence in the eye of the law. 1 Pick., 411. The court,then, did not err in the instructions which it gave to the jury on this point; nor in refusing ■those asked for by the defendant’s counsel.
2dly. It appeared in evidence on trial that the maker of the note, Edith Theril, made two notes payable to said Brown, and endorsed by him to plaintiff, the first of which notes being first due, was sued on against her and said Brown, in separate actions, and a judgment obtained against her, •hnd a non-suit entered against Brown, on account of a defect in evidence of the dishonor of the note by the maker, and of notice to defendant as endorser. — That afterwards Edith Theril died insolvent, and plaintiff filed a claim before the commissioners of insolvency for about $2600 — being the amount of said judgment and of the note now in suit. That the estate of Edith Theril paid 72 cents 7 mills in the dollar, on said claims, which made about $1,800: That plaintiff claimed the right to credit said amount first to the entire discharge of thejudgmentobtainedon the first note, and then so far as it would go to the credit of the note now in suit. Wherefore the counsel for the plaintiff moved the court to instruct the jury, that the plaintiff had a right to credit the said sum of $1,00 first to the entire *531 discharge of said judgment, and then to the note now in suit, so far as if would go; which instruction the court 'gave. The defendant’s counsel then called on the court to instruct the jury, that if 72 cents, 7 mills was paid by said Theril’s estate, on said entire claims, including the note now in suit, that that amount on the dollar should be credited on each claim, respectively, and not to the discharge of the said judgment first, and then so far as it would go on this note, which instruction the court refused. It will be recollected, that a claim in a judgment against a decedent’s estate, ¡requires different proof from a claim on a promissory «ote- The evidence might have established the one,and not the otM'. Whenever the estate of the deceased is declared insolvent, his ensote are a fund for the partial payment of each claim against the est^e, leaving no means or discretion in the creditor, to obtain more fian his specific share, or any volition as to its application; because the law has made the application.
But the true principle on which to test this matter is this: suppose Brown, the defendant here, had taken up this note, (as he had a right to do, being the first endorser,) cou*-1 he have presented his claim against Theril’s estate, and would b> have been entitled to a pro rata dividend? Most assuredly he would Stamps would have got the whole of the claim now in suit, andI(S rateable dividend on his judgment, and Brown would have only l^t ^ cents, 3 mills, on each dollar of his claim. Agreeably, than, to--»le scale of even handed justice, Stamps is only entitled to recover tk> balance after deducting 72 cents, 7 mills from each dollar of the amount of the note now in suit, which said amount Stamps has received to Brown’s use. The court therefore erred in giving the instruction asked for by the plaintiff; and also in not giving the instruction asked for by defendant’s counsel. The judgment below must be reversed, cause remanded, and venire de novo awarded.
Judges Montgomery and Huston concur.