## JACOB FISH *versus* EBENEZER JACKMAN.

An agent to whom a note has been transmitted for collection, is not entitled to a day, before he is bound to give notice.

Though not entitled to a day, he is not obliged to go himself, or to employ a special messenger to advise his principal; but notice sent by the next mail, after demand, will be sufficient.

The holder of a note may send it by mail for collection; and notice by the agent of the result of such demand, by the next mail after the demand made, is due diligence.

Although the general rule is, that when the party to be served with notice resides in a different place or city from that of the holder, that notice may be sent by mail to the post office nearest the residence of the party entitled to notice,— yet that rule does not apply to the case of an individual living in the wilderness, at a distance of twenty or thirty miles from any post office.

In such case, notice should be given in person, or a special messenger should be sent.

The holder of a note sent to an agent for collection, received notice from his agent of the non-payment of the note, on the first day of the month. He sent a special messenger to the indorser, who resided forty-eight miles distant, by whom notice was given on the fourth. The instruction of the Court to the jury, that it would be seasonable, if he commenced exertions to notify on the second, and used ordinary diligence in giving notice, was held correct.

THIS was an action of assumpsit against the defendant as the indorser of a note of hand, dated Whitefield, Feb. 27, 1839, signed by Osgood Johnson, payable to the defendant, or order, on demand and interest, and given for the sum of two hundred and three dollars, thirty-four cents.

To prove demand and notice, he introduced the testimony of Henry K. Baker, by which it appeared, that in pursuance of a letter received by Samuel Wells, Esq. Hallowell, from said Fish, and at the request of said Wells, he demanded the note at said Whitefield, of said Johnson, the 27th of March, 1839, who declined paying the same; and that he sent a letter, directed to said Fish, at Lincoln, enclosing his doings, by the next mail from Hallowell.

It appeared, by the testimony of Asa Baker, that on the 4th of April, 1839, he left a notice with the defendant, at his resi-

dence in No. 4, of the presentment and non-payment of the note, dated at Lincoln, April 3, 1839, and requesting payment of the same.

It was admitted, that there was no post office in No. 4.

The plaintiff further proved, that the mail laid over at Bangor, on account of bad travelling; so that the letter, mailed at Hallowell on the 28th of March, did not arrive in due course of mail at Lincoln, the residence of the plaintiff, till in the afternoon or evening of the first day of April.

The defendant proved that the mail went on the road toward his house, twenty miles further, that same evening, to a point where the Aroostook and Houlton roads separate; that the next mail was on the 3d of April; that there were two post offices in the town of Lincoln, one two, and the other six miles on the road nearer to his house than the post office where said letter was received by the plaintiff; that there was a post office twelve miles nearer on said road toward his house; and the mail passed on the same road again on the evening of the third of April; that the distance from the post office at which said letter of Baker was received in Lincoln, to the residence of the defendant in No. 4, was forty-eight miles; that it was twenty-eight miles only from the post office at the forks of said roads to his house; and that the sleighing was pretty good the first days in April; and that it was but one day's travel from the Lincoln post office, to which the notice of Baker had been transmitted, to the residence of the defendant.

The counsel for the defendant, contended that there was no legal evidence of demand and notice to the defendant.

SHEPLEY J. who tried the cause, instructed the jury that if the plaintiff had used due diligence to give notice to the defendant, that there was a legal demand and notice, and that the question of due diligence, was a question exclusively for the jury. There was no testimony, except the testimony already stated, to prove demand and notice, and the testimony of the postmaster at Lincoln, that the letter did not arrive till the first of April.

Fish v. Jackman.

The defendant's counsel, further requested the Court to instruct the jury, that if the notice of Baker to Fish, arrived at Lincoln on the first day of April, and Fish did not make out his notice till the third day of April, it was not sufficient, and that the date of said notice was evidence of that fact, unless explained or proved to be erroneous; and that Fish, was bound to have forwarded the notice, the next day after its arrival, by a mode of conveyance as rapid as the ordinary mode of travelling on the road at that season of the year, and that notice on the 4th of April, was not sufficient. These instructions were not given — but the jury were instructed, that the plaintiff was not by law obliged to commence his exertions on the evening of the day, the mail arrived, to give notice of non-payment — and that he was obliged to commence them on the following morning, and to use reasonable and ordinary exertions to give him notice thereof, and if in their judgment from the testimony he had done so, he was entitled to a verdict.

The jury returned a verdict in favor of the plaintiff.

*A. G. Jewell*, for the defendant. The facts in relation to the notice given, being undisputed, it is a question of law upon those facts whether due notice has been given. With the determination of that question the jury have nothing to do. It is not even a mixed question of law and fact. *Ireland v. Kip*, 10 Johns. 492; *Warren* v. *Gilman*, 15 Maine R. 70; *Thorn* v. *Rice*, 15 Maine R. 263; *Williams* v. *Bank of U. S.* 2 Pet. Cond. U. S. R. 106; *Bank of Columbia* v. *Lawrence*, 1 Pet. Cond. U. S. R. 583; *Aymar* v. *Beers*, 7 Cow. 709.

The facts proved. show no cause of action for the plaintiff. The verdict of the jury was against the instructions of the Court. The plaintiff received the letter of Baker, informing him of the non-payment of the note on the first of April. The jury were instructed that the plaintiff was bound to commence giving notice the next day. There was no proof that any preparations were made on that day to give notice to the defendant. The notice given was dated at Lincoln, on the third day of April; and must be presumed to bear its true date, and if not the true date, the burthen is on the plaintiff to

show that fact. That notice was not delivered to the defendant, till the 4th of April. Nothing is proved to have been done on the 2d of April, and not being proved, the jury were not warranted, in the absence of all proof on this point, in finding that any thing was done. The Court, on this evidence, could not infer due notice, and the jury will not be justified in rendering their verdict on less evidence than would satisfy the Court. Chitty on Bills, 400.

If the letter had not been taken out at Lincoln, it would have gone on further that day. The plaintiff should have adopted the mail, or if he chose to give notice, should have resorted to an equally expeditious mode. He is not an indorser and is not entitled to any more time than if he had proceeded to Whitefield and there made a personal demand on the maker. *Flack* v. *Greene*, 3 Gill. & Johns. 481 ; *Haynes* v. *Birks*, 3 B. & P. 599; *Sewall* v. *Russell*, 3 Wend. 277 ; *U. S.* v. *Barker*, $ Wheat. 559 ; *Field* v. *Nickerson*, 13 Mass. R. 131.

The defendant would have been liable, had the letter been sent to the post office at the Forks, whether he received it or not. Had it been directed there, it would have arrived on the first of April. The plaintiff had no right to intercept the letter. *Shed* v. *Brett*, 1 Pick. 401 ; 3 Kent's Com. 107 ; *Reed* v. *Johnson*, 16 Johns. 221 ; *Smith* v. *Mullett*, 2 Camp. 208.

*Hodgdon*, for the plaintiff. The note being payable on demand and over due when indorsed, the plaintiff is not bound to use the same diligence as when the note is payable on a day certain. This case is peculiar in its circumstances. Though the cases settle that notice to the next adjoining post office is sufficient, yet in no case is the distance of such post office from the residence of the individual to be notified, a matter of consideration by the Court. Here the distance was twenty-eight miles ; and it may be considered questionable, whether a notice sent to a post office so distant, would have been sufficient.

Had there been a post office at No. 4, if notice had been sent by the mail of April 3d, it would have been in due season. By sending a special messenger, the notice

reached the plaintiff sooner than by the ordinary course of mail. The state of the travelling — the diligence used — were all matters of consideration for the jury — and upon all the facts proved, the jury were satisfied that there had been no negligence on the part of the plaintiff. Bailey on Bills, 178 ; *Bank of Columbia* v. *Lawrence*, 1 Pet. Con. R. 581 ; *Union Bank* v. *Magruder*, 7 Pet. Con. R. 287 ; *Wallace* v. *Agry*, 4 Mason 347. The notice, though dated on the 3d of April, might have been post dated, or if dated truly, it was not inconsistent with the idea that the plaintiff might have commenced on the morning of the second of April, to seek for a messenger ; all the facts connected with this were submitted under proper instructions to the jury, and there is nothing which shows an error in the conclusion to which they have arrived.

The opinion of the Court was delivered by

WESTON C. J — The plaintiff is not an agent, but the indorser and holder of the note. H. K. Baker, who was imployed by him, through Mr. Wells, to demand payment of the maker, was constituted the agent of the plaintiff, to make such demand. According to the cases cited for the defendant, an agent is not entitled to a day, before he is bound to give notice. The case finds, that in point of fact, he did, by the next mail after the demand, send notice to the plaintiff. Although not entitled to a day, he was not obliged either to go himself, or to employ a special messenger. He might avail himself of the post office, and as he sent by the next mail, he made use of all possible diligence, by this mode of conveyance. *Shed* v. *Brett*, 1 Pick. 401.

It is contended, that the agent should have sent his notice directly to the defendant. The maker living at a distance from the plaintiff, it was competent for him to send the note to an agent for the purpose of making a demand. This being done, notice to him of the result by the next mail was, in our judgment, due diligence. It does not appear, that the agent knew where the defendant resided ; and if he did, we are quite clear, that a notice sent by the agent to the defendant by

mail would have been insufficient. In the leading case of *Ireland & al.* v. *Kip,* 11 Johns. 231, it was laid down, that if the party to be served by a notice, resides in a different place or city, then the notice may be sent through the post office, to the post office nearest the party entitled to notice. To this rule there must necessarily be exceptions. It could not apply to the case of the defendant, who lived secluded in a part of the country, but just beginning to be reclaimed from the wilderness, twenty miles from any post office.

As the plaintiff was not at liberty, under the circumstances, to avail himself of the mail and as it does not appear, that there was any other ordinary mode of conveyance to the defendant's residence, no other alternative remained, but to notify him in person, or to send a special messenger. The plaintiff received his notice the afternoon or evening of the first of April. The Judge instructed the jury, that it would be seasonable, if he commenced exertions to give notice the next day. And in our opinion, this would be due diligence on his part. The jury have found this fact. It is said, this is against the evidence, as his letter of notice is dated at Lincoln, his own residence, on the third of April. The jury might have deduced from the distance and from the state of the travelling, upon which all the evidence is not reported, that the letter may have been misdated. These facts must be taken into the account on the question of due diligence; and they were proper for the consideration of the jury. We perceive nothing in the ruling of the presiding Judge, which calls for correction; and we are not satisfied, that the verdict is against evidence.

*Judgment on the verdict.*