Campbell, J.
In my opinion the service of the notice of protest was valid and sufficient. It was conceded that if the notice had been laid down on the defendant’s desk in his office, he being absent therefrom, it would have been sufficient. It cannot be, therefore, that the handing it to a person in the office of the endorser, in office hours, such person then being the only person there, would be insufficient. If giving the notice to a fellow boarder in a boarding-house, or leaving it, as in other cases, with a neighbor, when the endorser’s house was found closed, was sufficient, it seems to us very clear that leaving it in the endorser’s office in office hours, with the only person then found in the office, would be clearly sufficient. It has been held that a mere verbal notice, at the endorser’s place of business, to him, would be sufficient, and that if a notary called at the endorser’s office, in office hours, and found no person in to give the notice to, that was sufficient even if no written notice was left.
The judgment should be set aside, and a new trial be ordered.
Hoffman, J.
The only question in this case, is whether the service of the notice of protest was sufficient. And looking at the facts as they were proved upon the trial, the question may be stated in this form, whether service of such a notice, within the usual hours of business, and at the usual place of business of the endorser, in his absence, upon a person in such place, but not proven to be in some way connected with him, is good service ?
In Williams v. Bank of the United States, (2 Peters, 96,) the action was against an endorser. A notary public called at the house of the endorser, who resided in the city of Cincinnati, which he found shut up, and the door locked. He inquired of the nearest resident, and was informed that the party had left town on a visit. He left a notice at the house of a person adjoining, with a request to deliver it. This was held sufficient. In Crosse v. Smith, 1 Maule & Selwyn, 545, a call was made at the counting house of the drawer of a bill, during the hours of busi *218 ness. The outward door was open, but the inner locked. ' The party knocked, with noise enough to be heard, if any one had been within. Ko one appearing, he left the house, and took no further steps to give notice. Held sufficient, and this although some of the drawers lived at a short distance from the place. Lord Ellenborough said: “ The counting house is thé place where all appointments respecting the business, and all notices should be addressed, and it is the duty of the merchant to take care that a proper person be in attendance.”
The case of Bancroft v. Hall (Holt’s C. M. S. 476) contains also the rule that if a merchant’s counting house is closed within the usual hours for remaining open, a notice attempted to be left there will avail.
In The Bank of the United States v. Hatch, (6 Peters, 256,) a notice served on a fellow boarder at the lodging house of the party, he being absent, was held a legal notice.
In Goldsmid v. Maurit, reported in Chitty, p. 827, (and see an able account of it in Chitty on Bills, 12 Am. ed. p. 532, N. Y. Engl. ed. 472,) the suit was against endorsers of a bill, the plaintiff proved that they sent a clerk to the defendant’s counting house, between four and five in the afternoon. Ko one was there. The clerk saw a servant girl about the house, who said no one was in the way, and he returned having left no message with her. Lord Eldon told the jury that if they thought the defendant ought to have had somebody in the counting house at the time, he was of opinion that the plaintiffs had done all that was necessary, that the notice was in law sufficient, if the time was regular. The jury thought that the plaintiff had done all that was necessary.
Within the rule stated in these authorities, it may be considered that a person found in the place of business of a party to a note within regular hours of business, when the latter is absent, may be considered as representing such party. If no one were in the office, nothing more than a call, or that and leaving the notice under or upon the door would be sufficient. The case cannot be weakened by the fact of the notice being left with one apparently trusted with possession.
The order dismissing the complaint must be set aside, and a new trial granted, with costs to abide the event.