## GRINMAN V. WALKER, *et al.*

1. NOTICE OF PROTEST. The law merchant requires that notice of protest shall be sent to the place of business, or residence, of the parties to be notified, when they reside in the town in which protest is made. Chapter 25, Laws 1858, altering this rule referred to.

2. WHEN SUFFICIENT. Notice deposited in the post office is sufficient, however, if it actually reach the parties to be notified, on the day on which they are entitled to receive it.

3. CUSTOM MAY BE PROVED. When a note was made payable at a banking house, it is competent, for the purpose of showing an intention to waive the general rule, to prove that it was the usage or custom of the banking houses of the same town to give notice of protest to parties through the post office.

*Appeal from Lee District Court.*

SATURDAY, OCTOBER 22.

Walker and Reeves made their negotiable prommissory note to one Mills, and he, with one Knight, indorsed and assigned the same to plaintiffs. This action is brought against all of them. The makers of the note make default. The indorsers answered, admitting the execution of the note, and the indorsement, but denying the protest, demand, and notice of non-payment. Trial, verdict, and judgment for defendants, and plaintiff appeals. For the material facts, see the opinion.

*Hornish & Lomax*, for the appellants.

I. The law merchant recognizes the customs observed among business men in the transaction of business, and is different in different places. The act of 1853, establishing it in this State, does not change its character, or make it statute law. 9 Wheat. 583; 23 Pick. 305; 1 Black. 81.

II. The commercial law has always recognized special customs and usages of banking houses, and places of business, and persons doing business at such houses with a knowledge of such customs, are bound thereby. 9 Met. 583; 11

Grinman v. Walker, et al.

Wheat. 438; 9 Mass. 450; 1 Smith's Lead. Cases (3d ed.) 402; 1 Par. on Cont. 229; 2 Ib. 49 note *y*.

III. Under the strict rules of the commercial law, when not modified by custom, if both the holder and indorser reside in the same town, a notice to the indorser of the dishonor of the note, put in the post office, is not sufficient, unless it is shown that the indorser actually received such notice on the day on which he was entitled to it. Story's Prom. Notes, section 322; 8 Ohio 507; 19 Ill. 598; 2 Pet. 104.

*George C. Dixon*, for the appellees.

I. Under our code section 1736, the petition "must contain a statement of the facts constituting the cause of action." And under this clause it is decided in New York, that when plaintiff relies, in an action on a check, on facts which excuse notice of presentment and non payment, he must state such facts in his complaint. An averment of due notice will not be sustained by evidence of facts excusing due notice. 4 Sand. Sup. Ct. R. 656–67; Voorhees' N. Y. Code 170, note *d*; Byles on Bills cited in *Sandford*. See Bayleys on Bills 447 note 161; 9 Wheaton's R. 593–4; Story on Prom. Notes, page 362 and note.

II. Courts will not notice particular local customs. 1 Ch. Plead. 217; 1 Sanders Pl. and Ev. 884–86. Notice by mail to an indorser, when he resides in the same town, is not good. 2 Hill's R. 590; 6 Howard's R. 248; Story on Prom. Notes, sections 312–3; 5 Met. R. 352.

III. A custom inconsistent with law, cannot be sustained or introduced in evidence. Laws of 1853, page 188; 6 Howard R. 255; 2 Howard Miss. R. 784; 6 Met. R. 393; 5 Hills R. 437; 1 Smith's Leading Cases 686, 688, 679, 685; 1 Seld. R. 102.

IV. The practice of Notaries could not make such an usage. 8 Howard Miss. R. 784; 15 An'l. Dig. 147, section 10; 18 Barb. R. 523, 459.

WRIGHT, C. J.—No exceptions were taken to the action

of the court below in giving and refusing the instructions now complained of, and we therefore pass them without further notice.

Upon the trial it appeared that the defendants, Knight and Mills, were residents of the city of Keokuk, and that the notary directed notice of protest and non-payment to them through the post office; the note being payable, and protested in that city. Plaintiff then proposed to prove that said defendants did actually receive said notice on the day that they were entitled to the same. This testimony was objected to and the objection sustained.

The rule of the commercial law is, that if the parties live in the same town, notice should not be sent by mail. It must be sent either to the place of business or the residence of the party to be notified. (Parson's Mer. Laws 114; *Pierce* v. *Pender*, 5 Met. 352; *Williams* v. *Bank U. S.*, 2 Pet. 100. See chapters 25 Laws 1858, passed · since this notice was given.) If it is put into the post office, however, and did in fact reach the indorser, or party to be notified, on the day he was entitled to it, such notice is sufficient. *Bank U. S.* v. *Corcoran*, 2 Pet. 124.

The note was made payable at a banking house in the city of Keokuk. Plaintiff proposed to prove that it was the custom of these banking houses to give notice to indorsers through the post office, as was done in this instance, and that defendants knew of this custom. This testimony being objected to, was rejected.

It is objected that this usage, or custom, if proved, would be inconsistent with the rule of law, above referred to, and would therefore be void. It is indisputably true that parties to a contract may vary, or restrain by express stipulation certain rules of law, so far as they would otherwise apply to, and govern their contract. Usage when established, affords the same evidence of intention as the most direct language, and may have the same effect upon the application of legal rules. If, therefore, it would be competent to prove that the parties contracted that notice should be given through the

post office, the same may be shown by proving a usage to that effect; and that either may be done, we think is well established. Smith's Mer. L. 312; 2 Par. on Cont. 50–51, note z; *Mills* v. *Bank U. S.*, 11 Wheat. 431; *Bridgeport Bank* v. *Dyer*, 19 Conn. 136; *Whitewell* v. *Johnson*, 17 Mass. 450; contra, *Wilcox* v. *McNutt*, 2 How. Miss. 775.

Judgment reversed.