## THE BANK OF THE COMMONWEALTH *vs.* MUDGETT and others.

The certificate of the notary who had protested a promissory note was, that he served the notice of protest on the indorser " by leaving the same at his desk in the New York custom house, he being absent therefrom, with a person in charge, said notice being directed to " the indorser. *Held,* that the service was *prima facie* sufficient, in ·the absence of any proof to the contrary.

*Held, also,* that such a service would be sufficient, as having been made at the place of business of the indorser.

Where a firm had been dealers with a bank in their copartnership business, and their character as partners was known to the bank, and it was in the bank book of the firm that a note was entered as having been discounted on their behalf, the signature of the firm being indorsed thereon; *held,* that the relation of the firm to the bank was such as to require notice of dissolution to be given to the bank; and that an advertisement of dissolution in a newspaper was not sufficient.

THIS action was brought to recover the amount of a promissory note for one thousand dollars, bearing date May 30, 1863, made by the defendant John Wilson, Jr. payable to the order of himself thirty-one days after the date thereof, at the Bank of the Commonwealth. The note was indorsed by Wilson, and purported to be indorsed by the defendant Benjamin F. Mudgett and Wilson & Booth, lately a firm composed of the defendants, said John Wilson, Jr. and Frederick F. Booth, and was discounted by the plaintiff. The complaint alleged the note to. be Wilson's, and that he and Booth were copartners at the time of the date thereof, and that the same was indorsed in the firm name of Wilson & Booth. The defendant Booth, in his answer, denied that he indorsed the note, or that he and Wilson then

composed any such firm, or were copartners, or that he, Wilson, indorsed the same in their copartnership name. Issue was joined as to Booth, July 25, 1863; and the cause was tried at the circuit held in and for the city of New York, in February, 1864, before Justice E. Darwin Smith and a jury. It was proved that the copartnership that had formerly existed between the defendants Wilson & Booth was dissolved by mutual consent on the 4th day of May, 1864, and that notice thereof was published in the Journal of Commerce; but there was no proof that notice was given to the bank.

Upon the plaintiffs resting their case, the defendant, Booth, moved the court to dismiss the complaint, upon the ground that there was no evidence upon which he could be held. The decision of the motion was reserved until the testimony was closed, when the motion was renewed and denied, and the counsel for Booth excepted to the decision. The counsel for the defendant, Booth, then requested the court to charge the jury, that the note appearing on its face to have been the note of John Wilson, Jr. payable to his own order, and indorsed by him, and claimed to have been indorsed by the defendant, Mudgett, when the same was offered to the bank for discount, the jury were to infer that it was discounted for Wilson solely on the security of the indorsers, even if the plaintiff thought it was made on partnership account; and also that a plain distinction was drawn between notes made by a firm, or by one of the members thereof, to the order of and indorsed by the firm and discounted by a bank. That the former might create such a deal as would require actual notice of dissolution, while the later transaction would not, and that in the latter transaction, assent to the use of the firm name, or an adoption of the liability by all the parties must be shown to make them liable as indorsers; and that the burden of showing such assent lay with the plaintiff. Also, that if the bank had not, previously to the note in suit, discounted a note, or notes, for the benefit of Wilson & Booth, by the consent, knowledge or acquiescence of Booth, then, on the testimony,

Bank of the Commonwealth *v.* Mudgett.

the publication in the "*Journal of Commerce*" of the dissolution of the firm of Wilson & Booth would be sufficient notice to the bank, and Booth could not be holden as indorser ; which several requests the court refused, and the counsel for Booth excepted.

A verdict was found against all of the defendants for the amount of the note and interest. The defendants, Mudgett and Booth, moved for a new trial, on the minutes of the court, which was denied. The defendants appealed from the order denying a new trial, and from the judgment.

*Samuel B. House* and *E. T. Schenck,* for the appellants.

*John J. Townsend,* for the respondent.

INGRAHAM, J. (After discussing some unimportant questions.) The material question in the case is, as to the proper service of the notice of protest on the defendant Mudgett. The certificate of the notary was that he served the notice of protest on the defendant "by leaving the same at his desk in the New York custom house, he being absent therefrom, with a person in charge, said notice being directed to said Mudgett." The law required such notice to be served personally on the indorser, or to be left at his place of business, with some one in charge on his behalf. The person who indorses notes is held responsible for notices so left at his place of business, because it is his duty, in case of absence, to leave some one in charge thereof. (3 *Seld.* 266.).

The doubt arises from the fact of the notice being left with a person in charge at the desk occupied by the defendant, in the New York custom house. There is nothing to show that such person was there acting for Mudgett or authorized to receive any papers for him ; nor is there any thing from which it can be inferred that the defendant had any right to appoint any one to do his work, or to leave any one there in charge of the business to be done there. On

Bank of the Commonwealth *v.* Mudgett.

the contrary, if a deputy or clerk is absent, his place would ordinarily be supplied by some other employee of the government, and not by a person selected by the defendant.

The act of 1857, chapter 416, also has provided a mode of service through the post office, by which any difficulty as to finding the indorser is obviated, and which renders it less necessary to resort to a doubtful mode of service, than might have been theretofore deemed necessary.

For these reasons I think there may be some doubt whether such a service as was made in this case is sufficient to charge the indorser. The Court of Appeals, however, in several cases of late have been disposed to relax the strictness which heretofore has existed, both as to the contents of the notice of protest, and as to the service of such notice, and we are of the opinion that it will be better to consider this service as *prima facie* sufficient, in the absence of any proof to the contrary. My brethren also are of the opinion that the service would be sufficient as having been made at the place of business of the defendant.

In regard to the liability of Booth, we think the evidence shows that the firm had been dealers with the bank in their copartnership business. As such dealers with the bank, their character as partners was known to the bank, and it was in the bank book of the firm that the note was entered as having been discounted on their behalf, the signature of the firm being indorsed thereon. The relation of the defendants Wilson and Booth to the bank was such as to require notice of dissolution to be given to the bank; and the advertisement of dissolution in the paper was not sufficient.

The judgment is affirmed with costs.

[NEW YORK GENERAL TERM, April 2, 1866. *Geo. G. Barnard, Ingraham* and *Sutherland,* Justices.]