American Exchange National Bank, Respondent, *v.* American Hotel Victoria Company, Appellant, Impleaded with Charles M. Reed, Defendant.

*Serving notice of protest of a promissory note — what does not establish it — what is essential to personal service.*

In an action brought to recover upon a promissory note indorsed by the defendant, the American Hotel Victoria Company, the plaintiff called a witness who testified that he served a notice of protest addressed, " To American Hotel Victoria Co., S. B. A. Price, Prest.," upon the defendant at the Victoria Hotel, Broadway and Twenty-seventh street, by leaving it "at the cashier's window.' He did not show that the cashier or any one else was present or that he drew the attention of any one thereto, or that he made any effort to find any officer of the defendant or any one in charge of the hotel to whom to deliver it.

The defendant called its president, who testified that he had held that office from a date prior to the time when the notice of protest was alleged to have been served down to the time of the trial, and that during this period he had had charge of the management of the defendant's hotel; that he did not see or receive any notice of the protest or dishonor of the note, and that the first he knew of the existence of the note or heard of it was when he received a letter from attorneys stating that they had the note for collection.

*Held,* that the evidence was wholly insufficient to show the service of the notice of protest upon the defendant;

That, under sections 160, 167 and 168 of the Negotiable Instruments Law (Laws of 1897, chap. 612), where a personal service of a notice of protest is relied upon,

the evidence must show either actual personal service or an ordinarily intelligent, diligent effort to make personal service upon the indorser either at his place of business during business hours, or at his residence if he have no place of business; but if he be absent, it is not necessary to call a second time, and the notice may, in that event, be left with any one found in charge, or if there be no one in charge, or no one there, then the giving of notice is deemed to be waived;

That the evidence in the case at bar did not show that personal service was made upon any officer or agent of the corporation, or even create an inference that such notice was received by the corporation.

APPEAL by the defendant, the American Hotel Victoria Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of April, 1904, upon the verdict of a jury, and also from an order bearing date the 14th day of April, 1904, and entered in said clerk's office denying the said defendant's motion for a new trial made upon the minutes.

*R. Neil Burgess,* for the appellant.

*Robert Forsyth Little,* for the respondent.

LAUGHLIN, J.:

The action is against Charles M. Reed, the maker, and the appellant as the indorser of a promissory note payable to the order of Costikyan Freres. The complaint alleges that the appellant duly indorsed the note prior to maturity, having received full value therefor, and delivered the same to the payee for full value; that the payee subsequently and before maturity for full value duly indorsed and delivered the note to the plaintiff; that the note was duly presented for payment at the First National Bank of Erie, Penn., where it was made payable, and payment thereof duly demanded and refused, whereupon it was duly protested for non-payment and notice thereof was forthwith duly given to all of the indorsers. The answer of the appellant put in issue, among other things, the allegations of the complaint concerning notice to it of the presentation of the note for payment, the demand and refusal of payment and of the protest. The plaintiff proved the making and indorsement of the note, the delivery to it and offered the note in evidence with the notary's certificate showing that he protested it for non-payment on the 14th day of October, 1901, the day it fell

First Department, April, 1905.                    [Vol. 103.

due.   For the purpose of proving the service of the notice of pro-
test on the appellant, the plaintiff called one Mairs, who testified
that on the 16th day of October, 1901, he served an original notice
of protest made by the notary at Erie, Penn., on the fourteenth and
addressed,   "To American Hotel Victoria Co., S. B. A. Price,
Prest.," upon the appellant at the Victoria Hotel, Broadway and
Twenty-seventh street, by leaving it "at the cashier's window."   He
does not show that the cashier or any one else was present or that
he drew the attention of any one thereto or that he made any effort
to find any officer of the defendant or any one in charge of the hotel
to whom to deliver it.   The defendant called Mr. Sweeney, who
testified that he was elected president of the defendant and pur-
chased its capital stock on the 2d of January, 1901, and continued
to be president down to the time of the trial; that he had charge
of the management of the business of the appellant and of the hotel
during the same period and on the 16th day of October, 1901; that
he did not see or receive any notice of the protest or dishonor of
the note and the first he knew of the existence of the note or heard
of it was when he received a letter from attorneys stating that they
had the note for collection and that unless it was paid within a cer-
tain time action would be brought thereon.   At the close of the
evidence counsel for the appellant moved to dismiss the complaint
upon the ground, among others, that the plaintiff had failed to
prove notice to it of the dishonor of the note.   The motion was
denied and an exception taken.

We are of opinion that the judgment must be reversed.   The
appellant is sued solely as indorser of this note.   The evidence is
wholly insufficient to show the service of the notice of protest upon
it.   The Negotiable Instruments Law (Laws of 1897, chap. 612,
§§ 160, 167, 168) provides that notice of dishonor to charge an
indorser may be given by delivering it personally or through the
mails either to the party himself or "to his agent in that behalf."
This doubtless was not intended to·change the rule as it theretofore
existed.   (Eaton & Gilbert Com. Paper, 489.)   Where personal
service is relied upon, the evidence must show either actual per-
sonal service or an ordinarily intelligent, diligent effort to make per-
sonal service upon the indorser either at his place of business during
business hours, or at his residence if he have no place of business;

but if he be absent, it is not necessary to call a second time, and the notice may, in that event, be left with any one found in charge, or if there be no one in charge, or no one there, then the giving of notice is deemed to be waived. (*Stewart* v. *Eden*, 2 Caines, 121; *Bank of Commonwealth* v. *Mudgett*, 45 Barb. 663; 44 N. Y. 514; *New York & Alabama Contracting Company* v. *Selma Savings Bank*, 51 Ala. 305, 306; *Allen* v. *Edmundson*, 2 Exch. Rep. 719; *Williams* v. *Bank of U. S.*, 2 Pet. 96; Huff. Neg. Inst. 47.) The evidence in this case shows that personal service was not made upon any officer of the corporation, and there is no evidence that the notice was left with any agent of the corporation or even where it might be reasonably inferred that an officer or agent of the corporation would receive it. It does not even appear upon what floor or in what part of the hotel the cashier's window was at which the notice was left. There can be no inference from such evidence that the notice was received by the corporation; and the president and manager of the hotel, who was in charge, testifies that it was not brought to his attention.

It follows, therefore, that the judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.