Clark *v.* Bigelow.

---

## Enoch W. Clark & al. *vs.* Joseph J. Bigelow.

If a bill be drawn in this State on drawees in another State, the notarial protest is admissible in evidence.

Due diligence to give notice of the non-payment of a bill, is a sufficient excuse for not giving it.

Where a witness speaks of his impressions, if it be understood, that the fact is impressed upon his memory, but that his recollection does not rise to positive assurance, it would be admissible evidence for the consideration of the jury ; but if the impression be not derived from recollection of the fact, and be so slight, that it may have been derived from the information of others, or some unwarrantable deduction of the mind, it cannot be received.

THE plaintiffs brought the action as indorsees of a bill of exchange, drawn and dated at *Bangor*, *July* 2, 1835, payable in six months after date, by *Reed & Edwards* on *Tyler Reed & Co.* of *Boston*, in favor of *Daniel S. Jones* and *Joseph J. Bigelow*, and by them indorsed. The material facts in the case appear in the opinion of the Court. There was also a motion for a new trial, because the verdict was against evidence.

*Rogers* and *A. W. Paine* argued for the defendant, and in the course of their argument, cited *Chitty on Bills*, 213; *Bayley on Bills*, 283; 3 *Campb.* 262; 2 *Stark. on Ev.* 270; *Hill* v. *Varrell*, 3 *Greenl.* 233; 13 *Johns. R.* 432; *Whittier* v. *Graffam*, 3 *Greenl.* 82; 8 *Pick.* 251; 16 *Pick.* 392; 1 *Wend.* 376; 6 *Wend.* 436; 8 *B. & Cr.* 387; 4 *Car. & P.* 522; *Doug.* 679; 7 *East*, 231; 3 *Barn. & Ald.* 619; 3 *Car. & P.* 522; *Chitty on Bills*, (*8th Am. Ed.*) 592; 7 *Halst.* 268; 3 *Gill & Johns.* 474; 1 *Stark. R.* 314; *Groton* v. *Dallheim*, 6 *Greenl.* 476; 4 *Leigh*, 37; 4 *M. & S.* 49; 12 *East*, 433.

*A. G.* and *D. T. Jewett* argued for the plaintiffs, and cited 10 *Mass. R.* 1; *Bayley on Bills*, (*Ph. & S. Ed.*) 280, 284, 516; 12 *Pick.* 484; *Atwood* v. *Clark*, 2 *Greenl.* 249; 1 *Pick.* 401, 413; 1 *N. H. Rep.* 240; 2 *Stark. Ev.* 255, and cases there cited; 2 *Johns. R.* 273; 3 *Kent*, 107; 2 *Caines*, 121; 1 *Johns. R.* 294; 2 *Peters*, 96.

The opinion of the Court was drawn up by

WESTON C. J. — The first count in the declaration avers a regular demand upon the drawees for payment, and due notice thereupon of the dishonor of the bill to the defendant, the indorser. The second count, instead of setting forth due notice to the defendant avers, that the plaintiffs used due diligence to give him notice. Under the general issue, which has been pleaded in this case, we are of opinion, that upon the point of notice, the plaintiffs are entitled to recover, if they have proved due notice given, or due diligence to give it.

The bill, having been drawn in *Maine* on drawees in *Massachusetts*, is a foreign bill, as has been decided in the Supreme Court of the *United States*, in *Massachusetts* and in this State. *Buckner* v. *Finley*, 2 *Peters*, 586; *Phœnix Bank* v. *Hussey & al.*, 12 *Pick.* 483; *Green* v. *Jackson*, 15 *Maine R.* 136. The notarial protest was therefore properly received in evidence.

A part of the deposition of *Thomas A. Dexter*, the notary, is objected to, where he speaks of his strong impression, that he sent a duplicate notice to the defendant at *Bangor*, about which however he will not swear positively. If we are to understand from this language, that the fact is impressed with some strength upon

Clark v. Bigelow.

his memory, but that it does not rise to positive assurance, it would, we doubt not, be evidence properly admissible, for the consideration of the jury. In that case, it would not be conjecture or belief merely, but recollection, not quite strong enough in the apprehension of the witness, to exclude all possibility of mistake. If no other recollection, than that of the most positive character, is to be received in a court of justice, the difficulty of verifying facts, resting in memory, would be greatly increased. It would shut out the testimony of those, in whom that faculty is not strong, or has been little cultivated. It is well known, that some over scrupulous persons will not speak positively, after the lapse of some time, as to what they may have seen, heard or done. If they give their recollection, precisely as it rests upon their minds, whether more or less strong, the jury will give it such weight, in connexion with other testimony, as it justly deserves. But impression, although it may convey the idea of a certain degree of recollection, is an equivocal term. It may have been derived from the information of others, or from some unwarrantable deduction of the mind, from premises not well established. And upon the whole, unless it can be made to appear, that it is derived from recollection, it cannot, in our judgment, be safely or legally received. But as the jury have found the residence of the defendant to have been in *Boston*, that part of the deposition has become immaterial.

The notarial protest states, that notice was left at the place of abode of the defendant in *Boston*. If this fact may be controverted, the evidence is strong, and the jury have found that the place where the notice was left, was not the place of abode of the defendant at the time. The notary deposes, that the plaintiff, *Clark*, sought with more than usual attention, to ascertain the residence of the parties. *Tarbell*, who bought the defendant's stock of jewelry about the first of *December*, deposes, that he understood he went immediately to *Bangor*, but that he returned to *Boston*, and was there a day or two in the winter. *Thayer*, the son of the lady with whom the defendant had boarded several months, and an inmate of the family, deposed, that the defendant had gone from his mother's from two to four weeks, when the notice was left, but he did not know where he had gone, or where he was to be found. The jury have found, that his residence was on the fifth of *Janua-*

ry in *Boston*, and that due diligence was used to find it. Upon the latter point, the presiding Judge gave it as his opinion, that it had been sufficiently proved; and this is warranted by the testimony of the notary, who expressly deposes, that upon the point of diligence, the plaintiff bestowed an unusual degree of attention. The defendant has adduced no evidence, showing where he was on the fifth of *January*, or in what part of the city of *Boston* or elsewhere, he could have been found on that day. There is not a little reason to believe, that the object of the defendant was to elude a notice, by which his liability might be fixed. It is a well settled principle, that due diligence excuses notice. *Williams* v. *The Bank of the United States*, 2 *Peters*, 96 ; *Bateman* v. *Joseph*, 12 *East*, 433.

*Judgment on the verdict.*