JOHN C. KLEEKAMP ET AL., Respondents, *v.* GUSTAVUS MEYER, Appellant.

### April 2, 1878.

1. Where the law requires a certain thing to be done, contract or usage may omit it by providing a substitute; but if the thing required be done, there is no need for the substitute. Where there has been due presentment of a check to the drawee, and payment demanded and refused, the drawer, if otherwise liable, is not discharged because of a failure to present the check at the clearing-house, in accordance with a mercantile usage, though it would have been paid had it been so presented.

2. Where the petition states a mere conclusion of law from the facts alleged, a demurrer to the petition does not admit the conclusion.

APPEAL from St Louis Circuit Court.
*Affirmed.*

T. K. SKINKER, for appellant: Mercantile usage, its office and effect. — *The Reedside*, 2 Sumn. 567; 2 Pars. on Con. (5th ed.) 537–540, 546, 547; *Kimball* v. *Brawner*, 47 Mo. 400; 1 Smith's Ld. Cas. (7th Am. ed.) 920; 8 Q. B. 374, 386; *s. c.*, 6 Eng. Law Rep. 118; Smith's Merc. Law, 29, 30. "Any rule of law which it is competent to the parties to vary or restrain by an express stipulation, is liable to be affected in the same way by an existing and valid usage." — 1 Duer on Ins. 200; *Culver* v. *Gibson*, 17 Wend. 305; *Fleet* v. *Murton*, L. R. 7 Q. B. 126. Special usages as to time of presentment have been held obligatory. — *Renner* v. *Bank*, 9 Wheat. 581; *Mills* v.

*Bank*, 11 Wheat. 431 ; *Bank* v. *Triplett*, 1 Pet. 25 ; *Bank* v. *Fitzhugh*, 1 Har. & G. 239 ; *Bank* v. *Markham*, 5 How. (Miss.) 397 ; *Bank* v. *Dyer*, 19 Conn. 136 ; *Bank* v. *Hodges*, 9 Pick. 420. So with special usages as to mode and place of presentment. — *Lincoln, etc., Bank* v. *Page*, 9 Mass. 155 ; *Heywood* v. *Pickering*, 9 Q. B. 428 ; *Whitwell* v. *Johnson*, 17 Mass. 449 ; *City Bank* v. *Cutter*, 3 Pick. 414. So with a special usage as to mode of giving notice of non-payment. — *Chicopee Bank* v. *Eager*, 9 Metc. 583. On the whole case, see *Robson* v. *Bennett*, 2 Taun. 392 ; Editor's note to *Whitwell* v. *Johnson*, 17 Mass. 451.

FINKELNBURG & RASSIEUR, for respondents, cited : *Ober* v. *Carson*, 62 Mo. 209 ; *Overman* v. *Bank*, 30 N. J. 61.

LEWIS, P. J., delivered the opinion of the court.

Plaintiffs sue upon a draft or check drawn by defendant in their favor on the Farmers and Traders' Savings Institution, for $310, which was duly presented to the drawee, and protested for non-payment. Defendant's answer sets up the following facts : That, on the day whereon the check was presented for payment at the counter of the drawee, a contract existed between that corporation and the Mercantile Bank, whereby the latter was bound to pay any check drawn on the Farmers and Traders' Savings Institution and presented for payment through the clearing-house in the city of St. Louis ; that defendant had on deposit in said institution a sum of money greatly exceeding the amount of the check sued on, but on said day of presentation the institution became insolvent, and had ceased to meet its obligations ; that the check sued on was intrusted to the Fourth National Bank of St. Louis, as their agent, for collection ; that said Fourth National Bank was a member of the Clearing-House Association, and well knew of the obligation of the Mercantile Bank to clear for the said Savings Institution ; that it is " the custom, and the usual and ordinary course of business among banks in the city of St.

Louis, to present any and every check drawn upon another bank to said bank, or to the bank clearing for such bank, through the said clearing-house;" that it was the duty of the Fourth National Bank to present the check to the Mercantile Bank through the clearing-house; and "if the same had been so presented, it would have been paid. But plaintiffs' said agent wholly failed to make such presentment," whereby the amount of said check has become wholly lost to defendant. To this answer the plaintiffs demurred for failure to state facts sufficient to constitute a defence. The demurrer was sustained, and final judgment was rendered for the plaintiffs.

Defendant admits that, by a general rule of law, the drawer of a check is bound to make it good to the holder if the drawee fails to pay upon timely presentation. This admission seems to establish the defendant's liability beyond question, since the pleadings show that the condition was literally fulfilled at the counter of the drawee. But it is insisted that the rule of law is modified by a custom or usage which, in cases like the present, provides for a special presentation at the clearing-house. In a carefully prepared brief, many cases are cited in which it was held that, although by a general rule of law a particular time, place, or mode is appointed for the doing of an act, yet if by established usage a different time, place, or mode is received as an equivalent, a conformity therewith will be sufficient. The cases establish nothing more than this. They do not in the least intimate that when there is a literal conformity with the rule of law itself, the equivalent must also be supplied. Yet such is the conclusion which the defendant here urges us to adopt. We might admit that, by a usage established for the convenience of bankers in St. Louis, if the Fourth National Bank had presented the check to the drawee's agent at the clearing-house, this would have been equivalent to a presentation at the drawee's counter, for all the purposes of a resulting liability

in the drawer.  The defendant, however, would have us make it not merely an equivalent, but an original necessity. The demand is sustained by neither principle nor precedent.

A fair sample of the authorities referred to may be found in *Robson* v. *Bennett*, 2 Taun. 387.  The law-merchant required that checks should be presented to the drawee bank during banking hours.  The check in this instance was presented after banking hours, and marked for payment at the clearing-house on the next day.  It was held that, this being the customary mode of dealing among bankers in London, the presentation was sufficient.  There was no intimation that such a presentation would have been necessary, or even appropriate, if the check had been presented during banking hours.

The principle apparent in all the adjudications is simply that, by usage or by express stipulation, the parties to a contract may waive the application of any rule of law which secures to one of them a specific right.  The mere statement of the proposition suffices to demonstrate that when the rule of law is in fact applied there is no need of the waiver. Still less can its conditions be then held obligatory upon either party.  Thus, in the case just mentioned, the rule of law secured to the drawer the right of exoneration from liability if the check was not presented to the banker within banking hours.  The court decided that usage implied a waiver of this right, provided the check was marked after banking hours, and presented the next day at the clearing-house.  But if the check had been duly presented within banking hours, there would have been nothing to waive. Why, then, should the holder be required to perform the conditions of a waiver?  The whole matter may be summed up in the general proposition that where the law requires a certain thing to be done, contract or usage may omit it in providing a substitute.  But if the thing required be done, there is, of course, no need for the substitute.  The most that can be said of the clearing-house usage is that it

provides, as a mere convenience to the banks, a substitute for the actual presentation of checks at the respective counters of the drawees. In this case, the check was duly presented at the proper counter, and nothing more could be required to fix the liability of the drawer. It may be added that a custom, however well established, can never operate to discharge a liability which the law has created. It may operate the relinquishment of a right, because that is within the competency of the party, who, by bringing himself within the custom, is understood to consent to the relinquishment.

The defendant lays some stress on the allegation in his answer, to the effect that if the check had been presented at the clearing-house it would have been paid. This consideration can have no weight. It is well settled that where the measure of diligence which the law prescribes is already filled, no greater need be given, even though otherwise the party interested might be better protected from loss or liability. Extraordinary diligence is not required in any case. A notice of protest left at the usual place of business of an indorser will bind him, though it never came to his hands. He cannot escape by showing that if the messenger had also gone to his dwelling he could have delivered the notice to him personally, and thus have enabled him to avoid loss from his indorsement. The same rule applies where the notary sends a notice to the wrong post-office, having used due diligence to ascertain the right one. *Bank of Utica* v. *Bender*, 21 Wend. 643; *Clark* v. *Bigelow*, 16 Me. 246; *Nichol* v. *Bate*, 7 Yerg. 305; *Williams* v. *Bank*, 2 Pet. 96.

The allegation in the answer, that " it was the duty of the Fourth National Bank to present the check " to the Mercantile Bank through the clearing-house, with its consequent, that the plaintiffs, therefore, " failed to cause proper presentation to be made," is a mere conclusion of law from the facts stated. Such conclusions are not admitted by the demurrer, and can here furnish no ground for a reversal.

The judgment is affirmed. All the judges concur.