Rounds v. McCormick.

## STERLING P. ROUNDS
### v.
## CYRUS H. McCORMICK.

1. FINDING UNSUPPORTED BY EVIDENCE.—The court is of opinion that the finding below is not supported by the evidence, and reverses the judgment for that reason.

2. EVIDENCE—IMPRESSIONS OF WITNESS—An impression of a witness, although it may convey the idea of a certain degree of recollection, is an equivocal term, and unless it is made to appear that it is derived from recollection, it can not be admitted in evidence.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed July 25, 1882.

Mr. F. W. BECKER, for appellant.

Messrs. MILLER, LEWIS & BERGEN, for appellee.

Rounds v. McCormick.

WILSON, P. J.    This was an action brought by appellant against appellee to enforce a stockholder's liability upon an indebtedness claimed to be due to appellant from the Chicago News Printing Company for goods sold to the company. The amended declaration upon which the case was tried, was based upon an open account for goods, wares and merchandise. Pleas, the general issue and *nul tiel corporation.* The case was tried by the court without a jury, and the finding was for the defendant.

We shall consider but a single point arising on the record. The plaintiff introduced a witness who gave testimony tending to show the sale and delivery of the goods as alleged. For the purpose of defeating a recovery on an open account the defendant sought to show by a cross-examination of the plaintiff's witness, against the objection of the plaintiff, that notes of the company had been given for the account sued on.

Without stopping to rehearse the testimony, and waiving a consideration of the question as to its admissibility on cross-examination, we think the evidence was insufficient to show the giving of notes. The burden of proof was upon the defendant to show that notes were given. It is obvious from reading the answers of the witness that he had no definite knowledge on the subject, but was testifying only from vague impressions. He states no facts, and does not even say he has any recollection on the subject. When asked whether the company gave its notes for the indebtedness in question, he answered: "My impression is that they did; I could not swear positively." For aught that appears his impression may have been derived from a statement made by another or from some unreasonable deduction of his own mind. To adjudicate and pass upon important rights on testimony of this character would be hazardous in the extreme. The principle applicable to this subject is well stated in Clark v. Bigelow, 16 Me. 246. The court says: " Impression, although it may convey the idea of a certain degree of recollection, is an equivocal term. It may have been derived from the information of others, or from some unwarrantable deduction of the mind from premises not well established. And, upon

the whole, unless it can be made to appear that it is derived from recollection, it can not, in our judgment, be safely or legally received." The principle thus enunciated is decisive of the present case.

The judgment of the court below is reversed and the cause remanded for a new trial.

Reversed and remanded.