# DISTRICT OF COLUMBIA

*v.*

# CAMDEN IRON WORKS.

---

CONTRACTS ; COVENANT, ACTION OF ; MUNICIPAL CORPORATIONS ; EVIDENCE; WAIVER ; PENALTIES AND FORFEITURES ; INTEREST.

1. A contract executed by the Commissioners of the District of Columbia under their hands and seals, intended as and manifestly an official act, has the force and effect of a deed and binds the corporation and not the individual Commissioners, so that an action of covenant may be maintained against the

corporation thereon, although the corporate seal of the District is not attached.

2. Parol evidence is admissible to show that a contract executed by the Commissioners of the District of Columbia, under their hands and seals, was in fact executed and delivered at a date subsequent to that stated in the contract.

3. The price of iron pipe manufactured for, delivered to and accepted by the District of Columbia in part performance of a contract under seal, and with reference to the specifications and price agreed upon as set forth in the contract, may be recovered in an action of covenant, where particular averments are made and proof adduced showing why full performance was not had.

4. A party to a contract is excused from a strict compliance on his part with a condition upon the performance of which the responsibility of the other party is to arise, where the latter has dispensed with, waived, or by his act prevented such performance.

5. Penalties or forfeitures under a contract can not be recovered from a party to the contract whose strict performance was prevented by the act, course of conduct of the other party, or was suspended by his action or acquiescence.

6. In an action of covenant to recover from the District of Columbia the price of certain iron pipe, *held,* that it was not error for the trial court to submit to the jury whether, under the circumstances, interest should be allowed the plaintiff on the amount found due, from the date of the last delivery or from a later date, and to refuse a prayer offered by the defendant allowing interest only from the date of the commencement of the suit.

No. 894. Submitted May 12, 1899. Decided January 9, 1899.

HEARING on an appeal by the District of Columbia from a judgment on verdict in an action of covenant. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. S. T. Thomas,* Attorney for the District of Columbia, and *Mr. A. B. Duvall,* Assistant Attorney, for the appellant:

1. The contract sued on is not a specialty, but the simple contract of the defendant. The declaration was in covenant, upon the sealed instrument of the defendant. The contract offered in evidence under the declaration, and admitted

by the court, was not the covenant of the District of Columbia, but its simple contract executed by its then Commissioners. It was the specialty, however, of the plaintiff. The same contract may be the specialty of one and the parol agreement of the other party to it.  21 Am. & Eng. Ency. Law, 887 and cases.

The corporate seal being the only organ by which a body corporate can obligate itself by deed, a contract on behalf of the corporation by an agent, who affixes his private seal, has the effect of binding the corporation only by simple contract.  *Bank* v. *Guttschlick*, 14 Pet. 29; Tiedeman Munic. Corp. 165; 1 Dill. Munic. Corp., Sec. 452; 21 Am. & Eng. Ency. Law, 910 and cases. The deed of a corporation is invalid if executed in the name and under the seal of its officers.  The use of a seal by the corporation is only necessary where its use would be required by an individual. 4 Am. & Eng. Ency. Law, 241, 242 and cases.

Where duly appointed officers or agents, acting within the scope of their authority, execute an instrument on behalf of a corporation, signing their own names and affixing their own seals, such seals are merely nugatory, and the instrument is to be regarded as a simple contract; and, if otherwise valid, binding on the corporation as such.  *Regents* v. *Detroit*, 12 Mich. 138; *Blanchard* v. *Blackstone*, 102 Mass. 343; *Burrill* v. *Boston*, 2 Cliff. (C. C.) 590; *Heidelberg School* v. *Horst*, 62 Penn St. 301.

A deed purporting to be the deed of a corporation authorized by law to have and use a common seal, which is not sealed with the corporate seal, is void.  *Seminary* v. *Mott*, 28 N. E. Rep. 54; *Asylum* v. *Johnson*, 43 Me. 184; *Whitford* v. *Laidler*, 94 N. Y. 145.  A corporation can only execute a formal bond with its corporate seal, countersigned by an officer entitled to affix its seal.  *Land Co.* v. *Jeffries*, 40 Mo. App. 360.

An agent or attorney of a corporation, in executing a deed in its name, must, in order to make it the act and

deed of the corporation, affix thereto the corporate seal. *Savings Bank* v. *Davis*, 8 Conn. 191.

Unless the seal of the corporation is affixed to the instrument, it will not support a common law action of covenant, although sealed with the private seal of the agent of the corporation executing it; and it has been held, where the deed was thus executed, that, although the corporation may have authorized the committee to contract, and may therefore be liable in some form of action, yet covenant is not the proper remedy. Thompson on Corp., Par. 5080 and cases cited; *Randall* v. *Van Vechten*, 19 Johns. Rep. 60; *Bank* v. *Guttschlick*, 14 Pet. 29 ; *Bank* v. *Patterson's Admr.*, 7 Cranch (U. S.) 299; *Mitchell* v. *Land Co.*, 4 Fla. 200; *State* v. *Allis*, 18 Ark. 269.

2. Covenant can not be maintained on a contract under seal, modified by parol. The demurrer to the defendant's plea of the Statute of Limitations reached back through the whole record, and raised the question whether the declaration was good. *Clearweather* v. *Meredith*, 1 Wall. 25.

Covenant can not be maintained on a contract under seal, the material part of which is subsequently varied by parol agreement. The remedy is on the substituted agreement. *McVoy* v. *Wheeler*, 6 Port. (Ala.) 201; *Raymond* v. *Fisher*, 6 Mo. 29; *Vicary* v. *Moore*, 2 Watts, 451; *Ellmaker* v. *Insurance Co.*, 6 W. & S. 443; *Heard* v. *Wadham*, 1 East, 630; *Littler* v. *Holland*, 3 T. R. 590 ; *Lehigh Coal Co.* v. *Harlan*, 27 Pa. St. 429.

If a person enters into a bond for the performance of certain matters and afterwards a parol agreement is made between the parties, varying the time of performance, an action cannot be maintained upon the bond for the penalty; but the plaintiff must seek his remedy upon the agreement enlarging the time for performance. *Ford* v. *Campbell*, 11 N. J. L. 387 ; *Jewell* v. *Schroeppel*, 4 Cow. 564; *Carrier* v. *Dilworth*, 59 Pa. St. 406. An action will not lie on a contract not performed in time, but recovery may be had on

*quantum meruit.   Slater* v. *Emerson,* 14 How. 239 ; *Ingle* v. *Jones,* 2 Wall. 1 ; *Dermott* v. *Jones,* 23 How. 223.

Where it is necessary on the part of the plaintiff to aver performance, it must be set forth with such certainty as to enable the court to judge whether the intent of the covenant has been fulfilled.   *Thomas* v. *Van Ness,* 4 Wend. 549 ; 1 Chitty, Pleading, 325.   An allegation of an original contract does not let in evidence of its modification.   *Lainitz* v. *King,* 93 Mo. 513 ; *Fallon* v. *Lawler,* 102 N. Y. 228 ; *Henning* v. *Insurance Co.,* 47 Mo. 425 ; *Pharr* v. *Bachelor,* 3 Ala. 237 ; *Buchanan* v. *Beck,* 15 Ore. 563 ; *Salter* v. *Ham,* 31 N. Y. 321. A declaration on an express contract, alleging performance, does not let in evidence of an excuse for non-performance. *Colt* v. *Miller,* 64 Mass. 49 ; *Palmer* v. *Sawyer,* 114 Mass. 1 ; *Purdue* v. *Noffsinger,* 15 E. D. Smith, 386 ; *Bernard* v. *Insurance Co.,* 40 Iowa, 442 ; *Fauble* v. *Davis,* 48 Iowa, 462.   Nor under such declaration can excuse be shown in rebuttal, where plaintiff's non-performance is set up as a defense. *Iseman* v. *Hawkeye,* 74 Iowa, 11 ; *Boon* v. *Insurance Co.,* 37 Minn. 426 ; *Potts* v. *Land Co.,* 47 N. J. L. 476.   As plaintiff must allege and prove performance, a general denial lets in evidence of breach.   *Coverly* v. *McOwen,* 123 Mass. 574.

3. The court having admitted in evidence the contract declared on, the jury should have been told that upon the failure of the plaintiff to deliver the iron pipe therein mentioned at the time, and in the quantities specified, the defendant had the right to charge against the price it had agreed to pay the plaintiff for said pipe, as liquidated damages, the penalties provided for in the contract.   *Emack* v. *Campbell,* 14 App. D. C. 186.

4. The plaintiff was guilty of *laches,* and was not entitled to interest on its demand.

Interest is to be allowed, if at all, under the direction of the court.   *Deveckman* v. *Shaw,* 69 Md. 199 ; *Williams* v. *Hersey,* 17 Kan. 18.   It is never allowed when the delay is the result of the mere failure of the creditor to press the

collection of his claim.  *Express Company* v. *Milton*, 11 Bush. 49.  But where interest is recoverable, not as part of the contract, but by way of damages, if the plaintiff has been guilty of *laches* .in unreasonably delaying the prosecution of his claim, it may be properly withheld.  *Redfield* v. *Iron Co.*, 110 U. S. 176; *United States* v. *Sanborn*, 135 U. S. 271; *Redfield* v. *Bartels*, 139 U. S. 694.  At common law interest was not allowed; it is the creature of statute alone.  A municipal corporation is created for public purposes and with limited powers; and it has been held that where it is not named in the act regulating interest, it is not liable for interest.  *Pekin* v. *Reynolds*, 31 Ill. 529.

5. The plaintiff was not entitled to prove that the contract sued on was executed at a time different from the date thereof.  The jury should have been instructed that under the contract given in evidence by the plaintiff the time within which the iron pipe specified therein was to be delivered was to be computed from the date of the execution of that contract as the same appeared upon its face.

The plaintiff should have declared on the contract according to its legal effect, in order to entitle it to the benefit of showing that it was executed on a day other than that which the contract itself declared it was "made and concluded." The date of a writing is that part which purports to specify the time when it was executed.  8 Am. & Eng. Ency. L. (2d Ed.) 727.  Where time or place or any other circumstance is material, the plaintiff can not vary from his previous statement of it.  Chitty Plead. 648; 538, 644.

Without any notice to the defendant, and without any allegation of fraud or mistake, the plaintiff was allowed to offer evidence fixing the date of the execution of the contract different from the time it professed to be executed.  When the parties to a written agreement have made the date of the instrument a material part of the contract, as when the time of performance is fixed with reference to it, oral evidence is not admissible to vary or change it.  *Joseph* v. *Bigelow*,

4 Cush. 82; *Huston* v. *Young*, 33 Me. 85; Story Prom. Notes (6th Ed.) Sec. 85. The effect of the admission of this oral testimony, without notice to the defendant, was to entirely destroy the provision in the contract in respect of penalties.

*Mr. Samuel Maddox* for the appellee:

1. The contract sued on in this section is a sealed instrument, and was intended so to be by all the parties to it. A seal is not necessarily any particular form or figure; any mark or sign indicating an intention to seal is sufficient. *Hacker's Appeal*, 121 Pa. St. 192; 160 U. S. 519; *Bowman* v. *Robb*, 6 Pa. St. 302; *Hastings* v. *Vaughn*, 5 Cal. 318; *Osborn* v. *Kistler*, 35 Ohio St. 102.

Any letters, such as "L. S.," or a circumflex scroll made by a party in connection with the words "sealed" or "witness my hand and seal," or proved by evidence *aliunde* to have been intended as a seal, will constitute a valid seal. The intention of the party where the letters "L. S." are annexed to his signature is properly for the jury to decide. *McKain* v. *Miller*, 1 McMullen Law (S. C.) 312.

In the District of Columbia a printed seal at the end of a signature is sufficient to make the instrument a specialty. *Green* v. *Lake*, 2 Mack. 162. See, also, *Pillow* v. *Roberts*, 13 How. 474.

The District of Columbia is a municipal corporation unique in its nature. The details of management and government are entrusted to three Commissioners. They have power to make contracts binding upon the District, with the single restriction that if the amount involved exceeds $100 the contract must be signed by all three of them. They are officials of the United States, being appointed by the President and confirmed by the Senate. The United States, therefore, governs the District of Columbia through its agents, the Commissioners. *Railway Co.* v. *Dist. of Col.*, 132 U. S. 9. The present form of government was established by an Act of Congress approved June 11, 1878.

Though authorized to have a seal, no formal action looking to the adoption of any device as a seal was taken until September 23, 1887, three months after the contract sued upon was prepared for execution. The attestation clause being in print, and it being the manifest intent to make the contract an instrument under seal, we must infer that this form of attestation and seal were adopted and in universal use as the seal of the municipal corporation. It is well settled that a corporation may adopt and use any seal it chooses, for the time, as an individual. *Bank* v. *Railway Co.*, 30 Vt. 171; *Foundry* v. *Hovey*, 2 Pick. 428; *Ransom* v. *Stoughton*, 13 N. J. Eq. 212; *Society* v. *Clapp*, 18 Barb. 36; *Hodgson* v. *Dexter*, 1 Cranch, 345; *Eureka Company* v. *Bailey Co.*, 11 Wall. 488; *Railway Co.* v. *Hooper*, 160 U. S. 514.

Throughout the several States of the Union the reports abound in well considered cases, holding that a contract such as that sued on in this action is the covenant of the corporation. A few only of these will be noticed. *Stinchfield* v. *Little*, 1 Greenl. 231; *State* v. *McCauley*, 15 Cal. 429; *Hopkins* v. *Mehaffy*, 11 S. & R. 126; *Tenney* v. *Lumber Co.*, 43 N. H. 344; *McDaniels* v. *Manfg. Co.*, 22 Vt. 274; *Stebbins* v. *Merritt*, 10 Cush. 34; *Haven* v. *Adams*, 4 Allen, 80.

On the issue *non est factum*, where there is a spark of evidence of sealing and delivery, the court is bound to let the instrument be read; the jury is to decide the fact. *Berks Co.* v. *Myers*, 6 Sarg. & R. 14; *Fleckner* v. *Bank of U. S.*, 8 Wheat. 357.

The current of authority in favor of the proposition that the contract sued on in this action is the covenant of the District of Columbia is overwhelming. Here and there in the State reports may be found occasional rulings in the opposite direction, but these are contrary to the vast current of authority.

2. It was not only competent, but essential to the issues, for the plaintiff below to show when the contract was executed. It is always competent to show that a deed was

executed on a day subsequent to the date on which the deed itself is stated to have been executed. *Hall* v. *Cazenove,* 4 East, 477; *Baldwin* v. *Freydenhall,* 10 Ill. App. 122; *Commonwealth* v. *Welch,* 144 Mass. 356; *Bruce* v. *Slump,* 82 Va. 352. The date appearing on the face of a contract is not conclusive, even against the parties to it. *School District* v. *Stilley,* 36 Ill. App. 135; *Treadwell* v. *Reynolds,* 47 Cal. 171.

The time of the delivery of a deed may be proved by parol. *Maybury* v. *Brien,* 15 Pet. 21. The delivery of a deed is presumed to have been made on the day of its date. But this presumption is removed by evidence that it was made on some subsequent day; and when a delivery on some subsequent day is shown, the deed speaks on that subsequent day and not on the day of its date. *United States* v. *Le Baron,* 19 Howard, 73.

3. Appellant, by its conduct, released the appellee from strict performance of the covenant in respect of the time of deliveries.

If a party to a contract who is entitled to the benefit of a condition, upon the performance of which his responsibility is to arise, dispense with, or by any act of his own prevent the performance, the opposite party is excused from proving a strict compliance with the condition. Thus, if the precedent act is to be performed at a certain time or place and a strict performance of it is prevented by the absence of the party who has a right to claim it, the law will not permit him to set up the non-performance of the condition as a bar to the responsibility which his part of the contract had imposed upon him. *Williams* v. *Bank,* 2 Pet. 102.

Where, by defendant's neglect, the plaintiff was prevented from completing the work in the time specified in the contract, the result is that the provision awarding damages in a given sum for delay in completing work is as effectually eliminated from the contract as if the parties had canceled it by express agreement. It is wholly immaterial whether we say the provision was waived or the defendant is estopped.

In either event the result is the same. *Van Buren* v. *Digges*, 11 How. 479; *United States* v. *Peck*, 102 U. S. 65; *Coal Co.* v. *O'Hern*, 8 Md. 201; *Stewart* v. *Keteltas*, 37 N. Y. 388; *Hinckley* v. *Pittsburg Co.*, 121 U. S. 264; *Ashcraft* v. *Allen*, 4 Iredell L. 99.

4. The defendant is estopped from claiming penalties for delay in delivering pipe, because : (1) Colonel Ludlow led plaintiff to believe, in September, 1887, that strict compliance of time would not be insisted on; (2) On November 30 the plaintiff was, by letter, requested to assent to a cancelation of contract, *quoad* pipe not then cast, and gave its assent, provided that all pipe then manufactured should be taken and paid for at contract rates. Under this arrangement the plaintiff ceased casting pipe, though the profit on what was not then cast, if taken and paid for at contract prices would have been about $1,000. But for his tacit assent on the last of November and the first of December to the offer to cancel the contract as far as it related to pipe not then cast provided that all pipe cast be taken and paid for at full contract rates, without any deductions, no pipe would have been sent after December 1. *Dickerson* v. *Colgrove*, 100 U. S. 580 ; *Ketchum* v. *Duncan*, 96 U. S. 659 ; *Swain* v. *Seamens*, 9 Wall. 254 ; *Randolph Co.* v. *Post*, 93 U. S. 502; *Moran* v. *Commissioners*, 2 Black, 722; *Pendleton* v. *Amy*, 13 Wall. 298 ; *Zabriski* v. *Railroad Co.*, 23 How. 381. If the District did not intend that the terms of cancelation *quoad* pipe not cast, as set forth in the plaintiff's letter of date November 30, 1887, were acceptable it should have said so at the time. Having then remained silent when it ought to have spoken, it can not now speak when it ought to remain silent. This for the reason that plaintiff parted with about $11,400 worth of pipe, which it never would have done unless misled by the silence of the District Commissioners.

5. The plaintiff is entitled to recover on the sealed contract for pipe actually delivered at contract rates, though all the pipe specified was not delivered. Even had the contract

been an entirety, which clearly it is not, this action would still be maintainable. The rule in such cases is that where the party suing has not departed from the terms of the special contract at all, but has been ready and willing to do all that it was the intention of the parties he should do, his action is properly said to be brought upon the special contract itself. *Cutter* v. *Powell*, Sm. Lead. Cas., (8th Ed.) Vol. II, part 1, p. 33; *United States* v. *Behan*, 110 U. S. 338; *Construction Co.* v. *Seymour*, 91 U. S. 642.

Neither prevention of the performance of a covenant nor discharge from full performance is such a modification as will prevent an action on the covenant. For when a large and valuable portion has been done by one party and nothing remains but the payment of the price, the other party "so far waives absolute performance as to consent to be liable on his covenant for the contract price of the work when completed." *Phillips* v. *Seymour*, 91 U. S. 650.

6. No penalties should be allowed, except to the extent of actual damage shown. The fact that the parties fix a sum to be paid and call it liquidated damages does not always control the question as to the measure of the recovery for the breach of the contract. Courts will look to the nature and purpose of fixing the amount of damages to be paid, and if the clause fixing the amount of damages appears to have been inserted to secure the prompt performance of the agreement, it will be treated as a penalty, and no more than the actual damages proved can be recovered. *Scofield* v. *Tompkins*, 95 Ill. 193; *Bradstreet* v. *Baker*, 14 R. I. 549; *Hahn* v. *Horstman*, 12 Bush (Ky.) 254; *Greer* v. *Tweed*, 13 Abb. Pr. N. S. 430; *Colwell* v. *Foulks*, 36 How. Pr. 306; *Welch* v. *McDonald*, 85 Va. 500.

Unless the intent of the parties is very clearly expressed the forfeiture named for non-fulfilment of a contract, where excessive, will not be construed as intended to be liquidated damages. *Colwell* v. *Lawrence*, 38 N. Y. 71.

7. The appellee was not guilty of *laches*. It objected to

the account as stated and made every reasonable effort to secure a settlement out of court.

8. The question of interest was one for the jury to determine. Demand of payment of the balance due for pipe furnished at contract rates was made by the appellee corporation immediately upon the receipt of the so-called statement of account showing that fines equal to the value of the pipe so delivered were charged against the appellee, and demand was constantly being made from time to time during the next five or six years and was met by constant refusal.

The matter of the right to recover interest is well stated by the court in *Crawford* v. *Willing*, 4 Dall. 286, where it is said: "Interest is due on an ascertained balance of an account from the time of a demand of payment."

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This action was brought by the appellee, the Camden Iron Works, a corporation created under the laws of the State of New Jersey, against the District of Columbia, to recover the price of certain iron pipes manufactured for and delivered to the defendant by the plaintiff, under contract under seal. This action is brought in covenant, upon the theory and according to the contention of the plaintiff, that the contract is a specialty contract of the defendant, and one of the principal questions in the case is, whether the agreement sued on is the deed of the defendant, or only a simple contract.

There were several pleas interposed,—all going to and denying the right of the plaintiff to recover,—though some of them in form are appropriate only to an action of *assumpsit;* but among the pleas is the plea of *non est factum.* There is no question made, however, as to the inconsistency or inappropriateness of the pleas, and issue was joined on them all, except the plea of the Statute of Limitations, to which a demurrer was entered; and the demurrer was sustained and the plea ruled bad. This plea of the Statute of Limitations

15 Ct. App.—15

of·three years was pleaded as a bar, upon the theory that the proper action upon the contract was *assumpsit*, and not covenant.    But the court did not entertain that view, and accordingly ruled the plea bad on demurrer.

The contract bears date the 29th day of June, 1887, and on its face and by its terms it professes to be made by the District of Columbia, of the first part, and the Camden Iron Works, by Walter Wood, president, of the second part.    The contract is conceded to have been for and in behalf of the municipal corporation of the District of Columbia, and for material to be supplied for the water department of the District of Columbia; and the contract throughout professes to be made by and between the District of Columbia and the Camden Iron Works.    The conclusion of the contract is as follows:

"In witness whereof, the undersigned, William B. Webb, Samuel E. Wheatley, and William Ludlow, Commissioners of the District of Columbia, appointed under the Act of Congress entitled 'An act providing a permanent form of government for the District of Columbia,' approved June 11, 1878, and the party of the second part to these presents, have hereunto set their hands and seals the day and year first above written.

"WILLIAM B. WEBB    [L. S.]
"S. E. WHEATLEY    [L. S.]
"WILLIAM LUDLOW    [L. S.]
"*Commissioners of the District of Columbia.*

[Corporate Seal
Camden
Iron Works.]    "WALTER WOOD,
"*Pres't Camden Iron Works.*

"Signed and sealed in the presence of—
"E. H. DIFFENBACH."

This contract was proved and offered in evidence by the plaintiff, but its admissibility was objected to by the defendant, upon the ground that the declaration was in covenant, declaring upon a sealed instrument, whereas the contract

offered in evidence is not under the corporate seal of the District of Columbia, and therefore not the covenant of the defendant, but a simple contract merely. The objection being overruled, the defendant excepted.

The plaintiff then proved that the municipal corporation of the District of Columbia had a corporate seal, but that the same had not been generally used, until after the contract here sued upon had been executed, and had only been used in executing deeds of conveyance, and instruments of that character. And the plaintiff further proved by competent evidence, that though the contract bears date the 29th of June, it was not in fact executed and delivered by the Commissioners before August 4, 1887. This proof was also objected to by the defendant; and the objection was taken upon the ground that it was not competent to the plaintiff to show by parol evidence that the real or true date of the contract was other or different from that stated on its face; and that the plaintiff was estopped from showing by parol that the contract was not in fact signed by the defendant, and did not go into effect until a date subsequent to that expressed in the instrument. This objection was likewise overruled by the court, and the defendant excepted.

The contract provided for the manufacture of certain designated sizes of iron pipe by the plaintiff, and its complete delivery to the defendant, "within 136 days *after the date of the execution* of the contract; one-half of each size to be delivered on or before September 25, 1887, and the remainder on or before November 10, 1887." For failure to deliver the pipes within the time thus fixed, the contract provided that there should "be deducted from the contract price, as in said contract specified, one per cent. of the contract price for all delinquent articles for each and every week day that they remained delinquent." There was a further provision that for failure to complete the work at the time specified, there should be deducted from the money to become due under the contract "the sum of ten dollars *per diem* for the

same period estimated as liquidated and fixed damages to the District."

In the contract there was provision made for inspecting the iron pipes and "to determine whether there was any reason for rejection, prior to delivery." Payments were to be made after August 1, 1887, for all pipe "received and accepted in proper order and condition, less 20 per cent. of the amount found due, to be reserved until the satisfactory completion of the contract.":

There appears to have been a suspension in the execution of the contract, owing to misunderstandings as to the qualities of the work, and the inspection thereof; and consequently, but a small proportion of the pipe was delivered prior to November 30, 1887. But after that date, pipe worth $11,404.09, at contract rates, according to estimate made, was delivered to and accepted by the District of Columbia, and used by the corporation. The total value, at contract rates, of all the pipe delivered to and accepted by the District of Columbia, was $16,335.87, on which there was paid in cash $5,291.71, by two checks, which did not indicate that they were meant to be in full settlement of all moneys due under the contract; and the balance, $11,044.16, was more than counterbalanced by the fines and penalties charged up by the defendant for non-delivery of the pipe within the time specified in the contract. It was for this balance of $11,044.16, with interest thereon from the 27th of February, 1888, that this action was brought. There is no pretense that there was any demand made by the defendant for any more or other quantity of pipe than that delivered under the contract and which was refused to be delivered by the plaintiff. On the contrary, on November 30, 1887, when Captain Symons, the Assistant Engineer Commissioner of the District, requested that no more pipe should be cast, for delivery under the contract, there remained to be cast about 340,000 pounds, on which the profits to the plaintiff, at contract prices, would have been

about $1,300. After the plaintiff's letter of November 30, 1887, assenting to the cancelation of the contract, *as to all pipe not then manufactured*, provided all pipe then manufactured should be taken and paid for at contract rates, without deductions, and Captain Symons' reply thereto, directing the sending on of the pipe then cast and accepted by Hoyt, the value of the pipe, at contract rates, actually shipped to the defendant was $11,404.16. It was for this amount that the verdict was rendered, with interest, and without any allowance or deductions for forfeitures or penalties for non-delivery of pipe within the time prescribed by the terms of the contract.

Upon the whole evidence, both plaintiff and defendant offered prayers for instruction to the jury; and those on the part of the plaintiff were granted, while those offered by the defendant were refused.

By the first of the instructions given at the instance of the plaintiff, the jury were directed that, upon finding the execution of the contract, although they might find that the same "was not fully performed by either party, yet if the plaintiff cast and delivered pipe in accordance with the specifications of said contract, and the defendant accepted the same and appropriated it to its own use, the plaintiff is entitled to recover in this action the value of the pipe so accepted at contract prices, deducting therefrom the liquidated damages specified in said contract sustained by the defendant, if any, by the failure of the plaintiff to deliver the pipe within the time limited by the contract, and any payments on the same."

By the second instruction granted, the jury were directed, that if the plaintiff "was prevented from completing the delivery of pipe by it stipulated to be manufactured and delivered, under the contract offered in evidence, within the time or times therein limited, by any act or omission on the part of the defendant, then the defendant is not entitled to charge against the plaintiff any fines or penalties for such

delay in delivering pipes as was occasioned by such act or omission."

And by the third instruction granted, the court informed and directed the jury, "that if the defendant by its silence or conduct caused the plaintiff to believe, on or about the 1st day of December, 1887, that all pipe thereafter delivered would be taken and paid for at contract rates, without any deduction, and thereby induced the plaintiff to act on that belief, and thereafter deliver pipe to the defendant which the plaintiff would not have otherwise done, and the defendant accepted such pipe, the defendant is estopped from charging against the plaintiff any fines or penalties for not delivering such pipe within the time or times specified by the contract."

The prayers on the part of the defendant were substantially and in effect the converse of the instructions given at the instance of the plaintiff. They sought to have it declared to the jury, that the plaintiff could not maintain this form of action upon the contract, and therefore the verdict should be for the defendant. That there could be no recovery upon the contract for the price of the pipe furnished to the defendant after November 10, 1887. That if any recovery could be maintained by the plaintiff against the defendant for the pipe delivered, it was the right of the defendant to charge against the price, as liquidated damages, the penalties provided for in the contract. That no interest could be properly allowed on any amount awarded to the plaintiff prior to the institution of the suit. That the contract given in evidence appears on its face to have been executed on the 29th of June, 1887, and that the plaintiff is estopped from claiming that it was executed on any other day; and that the time within which the pipe specified in the contract was to be delivered should be computed from that date.

To the ruling of the court in respect to the prayers of the plaintiff, and to the rejection of those offered by the defendant, the latter excepted, and has appealed to this court.

The appellant has assigned some eleven errors in the rulings of the court to which we have referred; but these assignments may be reduced to four or five main and controlling propositions for which the appellant contends; and they are the following:

First.   That the contract was not a specialty under the seal of the municipal corporation of the District of Columbia, but a simple contract merely, and therefore an action of covenant will not lie thereon against the corporation.

Second.   That it was not competent to the plaintiff below to show by parol proof that the contract was finally and completely executed and delivered by the defendant at a date subsequent to that mentioned in the contract itself; and that the date inserted in the contract is the date from which the time allowed for the manufacture and delivery of the pipe should be computed.

Third.   That the manufacture and delivery of the pipe required by the contract, within the time mentioned therein, constituted a condition precedent, and that no recovery can be had in this action upon the contract for any pipe delivered to and accepted by the defendant after the time specified in the contract for the delivery of the pipe; and, consequently, there was error in granting the first prayer offered by the plaintiff, the present appellee.

Fourth.   That if the appellee be entitled to recover in this action for the pipe delivered after the times mentioned in the contract, the appellant, the defendant below, was entitled to charge up and deduct from the contract price of the pipe as *liquidated damages*, the penalties provided for in the contract.

Fifth.   That if recovery be allowed, no interest should be included in such recovery.

These propositions embrace the whole scope of the contentions on the part of the appellant.

1. With respect to the first of these propositions, we think there is no difficulty, and that the court below was entirely

right in holding the contract to be the deed,—a specialty,— executed in a lawful manner by the municipal corporation of the District of Columbia. The municipal corporation has the right to adopt a seal, and, from time to time, to change it. It has the right, therefore, to execute contracts under seal. The three Commissioners provided for in the organic act passed by Congress, June 11, 1878 (20 Stat. 103), are the chief executive officers of the municipal government, and contracts executed by them, under their hands and seals, intended as and manifestly are official acts and have the force and effect of deeds or sealed instruments, according to their import, and bind the corporation and not the individual Commissioners. Respecting seals, says Judge Dillon (1 Dill. Mun. Corp., Sec. 190): "The same general principles apply to private and to municipal corporations. Thus, a corporation of the latter class would doubtless be bound equally with a private corporation by any seal which has been *authoritatively affixed* to an instrument requiring it, though it be not the seal regularly adopted;" citing for this proposition the cases of *Bank, etc., v. Railroad Co.*, 30 Vt. 150; *Tenney* v. *Lumber Co.*, 43 N. H. 343; *Mill Dam Foundry* v. *Hovey*, 21 Pick. 417; *Porter* v. *Railroad Co.*, 37 Me. 349. A corporation may adopt any seal that it chooses for the time being or *pro hac vice*; and although it may have adopted a particular seal, it will be bound by a deed, otherwise sufficient, which is sealed *with any seal*. *Bank, etc.*, v. *Railroad Co.*, *supra*; *Tenney* v. *Lumber Co.*, *supra*; *South Baptist Soc.* v. *Clapp*, 18 Barb. 36; *Hutchins* v. *Byrnes*, 9 Gray, 367; *Mann* v. *Pentz*, 2 Sand. Ch. 257. The form or material of the seal is quite immaterial; it is rather the *insignia* that furnishes the evidence of the seal. The object of a seal is to give character to the instrument and to enable it to be distinguished and recognized for that which it was intended to be. This is as well effected by a scroll with the word seal written within it, or with the initials "L. S." *Hastings* v. *Vaughn*, 5 Cal. 318.

Several of the cases cited in the brief of counsel for the appellee are very analogus to the present case; and without reciting the facts of those cases, it will suffice simply to refer to them by title, as they have been cited and approved in cases of more conclusive authority upon this court. The cases referred to are those of *Stinchfield* v. *Little*, 1 Greenl. Rep. 231; *State* v. *McCauley*, 15 Cal. 429 ; *Hopkins* v. *Mehaffey*, 11 Sergt. & R. 126; *Tenney* v. *Lumber Co.*, 43 N. H. 344.

In the cases of *Sheets* v. *Selden*, 2 Wall. 177, 187, and *Jacksonville, etc., RR. Co.* v. *Hooper*, 160 U. S. 514, the decisions of the Supreme Court of the United States would seem to be quite conclusive of the present question. In the first of the cases just mentioned, the court, by Mr. Justice Field, said : "It may be stated generally that when a deed is executed, or a contract is made on behalf of the State by a public officer duly authorized, *and this fact appears upon the face of the instrument, it is the deed or contract* of the State, notwithstanding that the officer may be described as one of the parties, and may have affixed *his individual name and seal.* In such cases the State alone is bound by the deed or contract, and can alone claim its benefits." And the court cites in support of this principle the cases of *Stinchfield* v. *Little* and *The State* v. *McCauley, supra.* In the second and more recent of the Supreme Court cases mentioned, that of *Jacksonville RR. Co.* v. *Hooper*, in an action of covenant, and where the instrument sued on was executed in very much the same form and terms as was the instrument in the present case, it was held, Mr. Justice Shiras delivering the opinion, that "whether an instrument is under seal or not is a question for the court upon inspection; whether a mark or character shall be held to be a seal depends upon the intention of the executant, as shown by the paper;" citing the cases of *Hackers' Appeal*, 121 Penn. St. 192, and *Pillow* v. *Roberts*, 13 How. 472.

In the present case there is no question made as to whether the contract is the contract of the District of Columbia, and

binding upon it; that is conceded. But it is denied by the appellant that the contract is its deed upon which an action of covenant can be maintained. This contention is wholly without foundation, as is clearly shown by the authorities to which we have referred.

2. The next question is that which relates to the admissibility of parol evidence to show that the contract was in fact executed and delivered by the Commissioners at a date subsequent to that stated in the contract. But this question, we think, is without reason or principle to support it. No principle is better established than that it may be averred in pleading and shown in proof that a deed, bond, or other instrument, was in fact made, executed and delivered at a date subsequent to that stated on its face. In the old case of *Oshey* v. *Sir Baptist Hicks*, Cro. Jac. 263, in an action of covenant, where, by a charter-party under seal, *bearing date the 8th of September*, it was agreed that the defendant should pay for a moiety of the corn which *then* was, or afterwards should be, laden on board a certain vessel, the defendant pleaded that the deed was not delivered *until the 28th day of October*, and that on and after that day there was no corn on board; and, on demurrer, it was held a good plea, because the word *then* was to be referred to the time of the actual delivery of the charter-party, and not to its date.

And so in the case of *Hall* v. *Cazenove*, 4 East, 477, it was held that a plaintiff could declare in covenant that the deed was *indented, made and concluded* on a day subsequent to the day on which the deed or charter-party on its face stated that it was indented, made and concluded. And in the more recent case of *Steel* ·v. *Mart*, 4 B. & Cr. 272, in an action of debt on a lease, where the lease purported on its face to have been made on the 25th of March, 1783, *habendum* from the 25th of March now past. It was proved that the delivery was made after the day of the date, and the Court of King's Bench held that the word *now* referred to the time

of delivery, and not to the date of the lease. The same principle is clearly and fully stated by the Supreme Court, in the case of *The United States* v. *Le Baron*, 19 How. 73.

These cases are sufficient to show that there is nothing in the mere date as stated in the deed or contract to estop or preclude either of the parties from showing by parol evidence that the deed or contract was actually made and executed at a date subsequent to that stated in the deed or contract, and that, consequently, such deed or contract can only have effect and operation from the time of its actual execution.

3. With respect to the third proposition contended for by the appellant, the law would seem to be equally well settled against such contention, as it is in respect to the two preceding propositions. There is no question or dispute in regard to the fact that though the contract was not fully performed by either party thereto, according to its terms, yet there was a large quantity of pipe manufactured and delivered by the appellee and accepted and used by the appellant, under the contract; and that the further performance of the contract was determined and put an end to by the mutual consent of the parties; though the contract was not rescinded, except as to the further manufacture of pipe for delivery. In this state of case an objection is made and insisted upon by the appellant, that an action of covenant on the contract will not lie to recover the price of the pipe that was delivered, because the plaintiff can not truthfully aver and prove that it has well and fully performed the contract on its part to be performed; and that, consequently, the price for the pipe delivered can only be recovered in an action of *indebitatus assumpsit.* But in this contention we do not concur. The pipe, the price of which is sued for, was manufactured, delivered, and accepted, under the contract, in part performance thereof, and with reference to the specifications and price agreed upon, as set forth in the contract. Why, then, should an action of

covenant not lie on the contract for the price of the pipe actually delivered and accepted, if proper averments be made and proof furnished, showing why full performance was not had? There would seem to be no sufficient reason for denying the right to maintain the action.

There was a similar question raised and considered in the case of *Hall* v. *Cazenove, supra,* that being an action of covenant on a charter-party for freight earned. There the charter-party bore date the *6th of February,* but it was averred not to have been executed in fact *until the 15th of March,* and it contained a covenant by the owner that the ship should and would proceed from the port, where she then lay, *on or before the 12th of February,* on her outward bound voyage, and upon delivery of her outward cargo, take on cargo and return, etc., and the freighter covenanted that, in consideration of everything above mentioned, etc., he would pay certain freight for the voyage. The voyage was averred to have been performed and the freight earned; and it was held on demurrer, that the owner was entitled to recover in an action of covenant, without averring that the ship sailed *on or before the 12th of February;* that the covenant that the ship should sail *on or before* the 12th of February being either no condition precedent, but only an independent covenant, or not of the substance of the contract, which was for the performance of the voyage for which the ship was chartered and earning the freight; or being rendered impossible to be performed by the acts of the parties themselves, in not having executed the contract till after the time appointed for doing the act, and thereby dispensing with the performance of it; therefore the defendant's plea of non-performance by the plaintiff of the alleged condition precedent, that is, the sailing of the ship *on or before the 12th of February,* constituted no defense to the action. And in delivering his opinion, Mr. Justice Lawrence said: "If the voyage has been performed, and the profits of it gained by the defendent, there can be no foundation for

saying that the defendant shall not pay the freight earned."

The general principle is applicable in all classes of contracts, whether under seal or not, that if the party to the contract who is entitled to the benefit of a condition upon the performance of which his responsibility is to arise, dispense with, or waive, or by any act of his own, prevent the performance, the opposite party is excused from proving a strict compliance with the condition on his part. This is illustrated in cases of frequent occurrence in all forms of actions on contracts. Thus, if the precedent act is to be performed at a certain time or place, and a strict performance of it is prevented by the absence of the party who has a right to claim it, or his want of readiness to accept the work or article to be furnished, or his non-observance of the conditions that are precedent and required to the performance of the contract on the part of the other party to the contract, the law will not permit that party to set up the non-performance of the condition as a bar to the recovery on the covenant or other form of responsibility, which the contract had imposed upon him. This is a settled principle in the law, sustained by numerous authorities, and we do not deem it necessary to refer to other cases upon the subject than *Williams* v. *Bank of U. S.,* 2 Pet. 96, 101, and *United States* v. *Peck,* 102 U. S. 64.

4. In refusing to grant the prayer of the defendant in respect to the right to charge up and deduct from the price of the pipe delivered, the aggregate amount of penalties and forfeitures supposed to have been incurred for the delay in the delivery of the pipe under the contract, we think the court was entirely correct.

That prayer completely ignored all the evidence in regard to the causes of delay, and proceeded upon the theory that the right to the penalties and forfeitures was a fixed right that could not be waived, and therefore the defendant was entitled to have them deducted, even though the amount might more than counterbalance the entire amount of the

price of the pipe delivered, and sued for in this action.   But we think the question of the right to such penalties and forfeitures was correctly and fairly submitted to the jury, by the two last of the plaintiff's prayers which were granted by the court.   If the strict performance of the contract, on the part of the plaintiff, was prevented by the act or course of conduct of the defendant, or was suspended by the action or acquiescence of the defendant, no claim can be justly made for penalties or forfeitures under the contract, for such delay or failure to deliver the pipe.   This would seem to be the simple dictate of reason and justice; and it is, moreover, in accordance with express decision upon the subject. *Holme* v. *Guppy*, 3 M. & Wels. 387, 389.

5.  With respect to the question as to the right of the plaintiff to be allowed interest on the claim sued for, we think there is no ground for assignment of error on this appeal.   The court was clearly right in refusing, on the request of the defendant, to instruct the jury that no interest should be allowed, except from the time of the institution of the suit.   In the instruction given the jury on the subject of interest, the court submitted to them the question whether, under all the circumstances of the case, the defendant should pay interest upon whatever amount that should be found to be due the plaintiff from the 27th day of February, 1888, the time when the last delivery of the pipe was made, and the money became due; or whether it should pay interest from a later date.   We think this instruction was correct, and the court committed no error in refusing to grant the instruction prayed for by the defendant.

Finding no error, the judgment appealed from must be affirmed; and it is so ordered.

*Judgment affirmed.*